UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CASE NO.
MAGISTRATE JUDGE

**04 - 12079 NG**

GEORGE IVERSON, Individually, )
)
Plaintiff, )
v. ) MAGISTRATE JUDGE Alexander
)
SIMON PROPERTY GROUP, L.P., )
a Delaware Limited Partnership, )
)
Defendant. )
)

RECEIPT # 58926
AMOUNT $150
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 9/28/04

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, George Iverson, Individually, on his behalf and on behalf of all other individuals similarly situated, hereby sues the Defendant, SIMON PROPERTY GROUP, L.P., a Delaware Limited Partnership, for Injunctive Relief, and attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. ("ADA").

### JURISDICTION AND VENUE

1. Pursuant to 28 U.S.C.§ 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 et seq. see also 28 U.S.C. § 2201 and § 2202.

2. Venue is properly in the United States District Court of because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

3. Plaintiff, George Iverson, is an individual residing at 130 Dartmouth Street #905, Boston, Massachusetts, 02116., in the County of Suffolk.

4. Defendant's property, South Shore Plaza is located at 250 Granite Street 02184, Braintree, Massachusetts, County of Norfolk.

## STATUTORY BACKGROUND

5. On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990, establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of goods, services, facilities, privileges, and access to places of public accommodation.

6. Among other things, Congress made findings in 42 .S.C. §12101 (a)(1)-(3), (5) and (9) that included:

   a. Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

   b. historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

   c. discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting and access to public services;

   d. individuals with disabilities continually encounter various forms of discrimination,

including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, activities, benefits, jobs or other opportunities; and

e.  the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

7. Congress also explicitly stated in 42 U.S.C. §12101 (b)(1)(2) and (4) that the purpose of the Americans with Disabilities Act was to:

   a.  Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

   b.  provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

   c.  invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

8. Furthermore, pursuant to 42 U.S.C. § 12182 and 28 CFR 36.201(a), Congressional intent was for no place of public accommodation to discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods,

services, facilities, privileges, advantages, or accommodations at that place of public accommodation.

9. Congress provided commercial businesses at least 18 months from enactment make their facilities compliant to the regulations in the Americans with Disabilities Act. The effective date of Title III of the ADA was January 26,1992, or January 26,1993, if the Defendant has ten(10) or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 CFR 36.508(a).

## THE PARTIES AND STANDING

10. Plaintiff, George Iverson is a resident, is sui juris and qualifies as an individual with disabilities as defined by the ADA. George Iverson has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property.

11. The barriers to access at the property have endangered his safety.

12. George Iverson has a realistic, credible, existing and continuing threat of discrimination from the defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 17 of this complaint.

13. Defendant, owns; or leases; or leases to; or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as South Shore Plaza, and is located at 250 Granite Street 02184, Braintree, Massachusetts.

14. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

15. George Iverson desires to visit South Shore Plaza not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

16. The defendant has discriminated against the individual by denying him access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. Sec. 12182 et seq., and by failing to remove architectural barriers as required by Volume 42 of the United States Code.

### THE INSTANT CLAIM

17. The Defendant has discriminated and is continuing to discriminate against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of South Shore Plaza has shown that violations exist. These violations include, but are not limited to:

**Parking**

  A. In this parking area, there are insufficient number of spaces designated for disabled use, in violation of Sections 4.1.2 and 4.6.1 of the ADAAG.

  B. The disabled used spaces do not have clear and level access aisles provided, violating sections 4.1.2 and 4.6.3 of the ADAAG.

  C. There is no accessible route from the parking areas to the facility, in violation of Sections 4.3.2, 4.6.2 and 4.6.3 of the ADAAG.

D.     There are no signs designating the disabled use spaces with van access designation on them in violation of Section 4.6.4 of the ADAAG.

E.     The signs designating the disabled use spaces are not posted at sufficient heights, in violation of Section 4.6.4 of the ADAAG.

F.     The ramps provided from the parking areas to the facilty have slopes, in excess of the limits prescribed in Section 4.8 of the ADAAG.

G.     There are no proper handrails provided for the ramps from the parking areas to the facility, in violation of Section 4.8.5 of the ADAAG.

H.     The accessible parking spaces are improperly dispersed and marked as per US Code 23, Section 109D (striped in white and prominently outlined in blue), and in violation of section 4.6.2 of the ADAAG.

I.     There is a passenger unloading area provided without designating an area for disabled use in violation of Section 4.6.6 of the ADAAG.

**Entrance Access and Path of Travel**

J.     There are no accessible routes from the street, sidewalk and parking areas, violating Sections 4.3.2 4.5.2, 4.7.1 and 4.8.2 of the ADAAG.

K.     The doors of the building entrances are fitted with inaccessible hardware at the facility, in violation of Section 4.13.9 fo the ADAAG.

L.     There are ramps at the facility that do not have level landings and/or contain excessive slopes, side slopes or cross slopes in violation of Sections 4.8.2, 4.8.4 and 4.8.6 of the ADAAG.

M.     There are curb ramps at the facility that project into vehicular areas and/or contain excessive slopes, side slopes or cross slopes, in violation of Sections 4.7.2, 4.7.5, 4.7.6 and 4.7.9 of the ADAAG.

N.     There are rises at the thresholds of entrances at the facility in excess of 3/4 of an inch, violating Section 4.13.5 of the ADAAG.

O.     The clear width and/or maneuvering clearances at doors to the facility are less than prescribed, violating Section 4.13.5 of the ADAAG.

P.     There are stairs provided at the facility that do not comply with the standards prescribed in Section 4.9 of the ADAAG.

Q. There are elevators provided at the facility that do not comply with the standards prescribed in Section 4.10 of the ADAAG.

R. There is not a continuous path of travel connecting all essential elements of the facility, violating Sections 4.3.1 and 4.3.1 of the ADAAG.

S. There is no means of emergency egress provided at the facility violating the requirements of Section 4.3.11 of the ADAAG.

**Access to Goods and Services**

T. There are protruding objects present throughout the facility, in violation of Section 4.4 fo the ADAAG.

U. There are permanently designated interior spaces without proper signage in violation of Section 4.30.6 of the ADAAG.

V. Several public telephones throughout the facility do not provide the prescribed volume control device and/or clear floor space for disabled patrons, in violation of Sections 4.31.1 and 4.31.2 of the ADAAG.

W. There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG.

X. There are self-service areas with dispensers whose controls are outside the reach ranges prescribed in Section 4.2 of the ADAAG.

Y. There is insufficient clear floor space to access goods or services at the facility, in violation of several Sections of the ADAAG.

Z. There is an ATM provided for public use that does not comply with the requirements of Section 4.34 of the ADAAG.

**Restrooms**

AA. There are exposed pipes in restrooms at the facility, in violation of Section 4.19.4 of the ADAAG.

BB. The sinks in the restrooms provided do not meet the requirements of ADAAG section 4.24.

CC. The restroom door has improper hardware for disabled patrons, in violation of Section 4.13.9 of the ADAAG.

DD. The clear floor space provided in the restroom violates the provisions of Sections 4.2.1, 4.18.3 and 4.22 of the ADAAG.

EE. The toilet stalls provided for public use at the facility are in violation of Section 4.16 of the ADAAG.

FF. The Mirrors provided for public use in the restrooms are in violation of the requirements in Section 4.19 of the ADAAG.

GG. There are dispensers provided for public use in the restrooms with controls outside the ranges prescribed in Section 4.27 of the ADAAG.

18. The discriminatory violations described in paragraph 17 are not an exclusive list of the defendant's ADA violations. Plaintiffs require the inspection of the defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

19. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR § 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR § 36.402; and finally if the defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993 as defined in 28 CFR § 36.401 then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

20. Appendix A to Part 36- Standards for Accessible Design (28 CFR pt. 36, App. A) sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

21. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages

and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq., and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

22. The individual plaintiff and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and activities of, the defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

23. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

24. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993 if Defendant has 10 or fewer employees and gross receipts of $ 500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

25. Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

26. Pursuant to 42 U.S.C. 12188, this Court is provided authority to grant Plaintiffs Injunctive Relief including an order to alter South Shore Plaza to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by

the ADA; or by closing the facility until such time as the defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a.  The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq.

b.  Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.  An award of attorney's fees, costs and litigation expense pursuant to 42 U.S.C. 12205.

d.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

**FULLER, FULLER AND ASSOCIATES, P.A.**
*Attorney for Plaintiffs*
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
(305) 891-5199 - Dade
(954) 463-6570 - Broward
(305) 893-9505 - Fax

By: _____
O. Oliver Wragg, Esquire
Bar Number: 643152
Date: 9-22-04

Simon Property Group (South Shore Plaza) Opening Documents.wpd