UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| GEORGE IVERSON, individually, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 04-12079-NG |
| SIMON PROPERTY GROUP, L.P., a Delaware limited partnership, | ) |
| Defendant. | ) |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, SIMON PROPERTY GROUP, L.P. ("Defendant"), answers and asserts the following defenses to the Complaint of Plaintiff, GEORGE IVERSON (hereinafter referred to as "Plaintiff"), and says:

### JURISDICTION AND VENUE

1. Defendant admits this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and 2202 and 42 U.S.C. § 12181 *et seq.* and that these statutes speak for themselves. Otherwise, Defendant denies the remaining allegations contained in Paragraph 1.

2. Defendant admits that venue is proper in the United States District Court, District of Massachusetts. Otherwise, Defendant denies the remaining allegations contained in Paragraph 2.

3. Defendant is without knowledge as to the allegations contained in Paragraph 3.

4. Defendant admits that the South Shore Plaza is located at the address referenced in the Complaint. Otherwise, Defendant denies the remaining allegations contained in Paragraph 4.

**STATUTORY BACKGROUND**

5. Defendant admits that Congress enacted the Americans with Disabilities Act ("ADA") and that the statute speaks for itself. Otherwise, Defendant denies the remaining allegations contained in Paragraph 5.

6. Defendant admits that Congress enacted the ADA and that the statute speaks for itself. Otherwise, Defendant denies the remaining allegations contained in Paragraph 6, including all subparts.

7. Defendant admits that Congress enacted the ADA and that the statute speaks for itself. Otherwise, Defendant denies the remaining allegations contained in Paragraph 7, including all subparts.

8. Defendant admits that 42 U.S.C. § 12182 and 28 C.F.R. §36.201(a) speak for themselves. Otherwise, Defendant denies the remaining allegations contained in Paragraph 8.

9. Defendant admits that Congress enacted the ADA and that the statute speaks for itself. Otherwise, Defendant denies the remaining allegations contained in Paragraph 9.

**THE PARTIES AND STANDING**

10. Defendant denies the allegations contained in Paragraph 10.

11. Defendant denies the allegations contained in Paragraph 11.

12. Defendant denies the allegations contained in Paragraph 12.

13. Defendant denies the allegations contained in Paragraph 13.

14. Defendant denies the allegations contained in Paragraph 14.

15. Defendant denies the allegations contained in Paragraph 15.

16. Defendant denies the allegations contained in Paragraph 16.

## THE INSTANT CLAIM

17. Defendant denies the allegations contained in Paragraph 17, including all subparts.

18. Defendant denies the allegations contained in Paragraph 18.

19. Defendant admits that 28 C.F.R. §§ 36.304(a), 36.401 and 36.402 speak for themselves. Otherwise, Defendant denies the remaining allegations contained in Paragraph 19.

20. Defendant admits that 28 C.F.R. Part 36, App. A speaks for itself. Otherwise, Defendant denies the remaining allegations contained in Paragraph 20.

21. Defendant denies the allegations contained in Paragraph 21.

22. Defendant denies the allegations contained in Paragraph 22.

23. Defendant is without knowledge as to the allegations contained in Paragraph 23.

24. Defendant denies the allegations contained in Paragraph 24.

25. Defendant denies the allegations contained in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26.

## GENERAL DENIAL

Defendant denies each and every allegation and prayer of the Complaint not specifically admitted above.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff does not have standing to bring this action, and therefore, the Complaint should be dismissed.

### SECOND DEFENSE

Plaintiff has demanded modifications that would result in significant loss of sale and/or serving space and, therefore, such modifications are not readily achievable.

### THIRD DEFENSE

Plaintiff has demanded modifications to a facility that are either not readily achievable, structurally impracticable, technically infeasible, or are not required.

### FOURTH DEFENSE

Plaintiff has demanded modifications to a facility that would either create an undue hardship on Defendant, or that would threaten the health and safety of Plaintiff or others.

### FIFTH DEFENSE

Each of Plaintiff's causes of action, claims, or items of damage did not accrue within the time prescribed by law for them before this action was brought.

### SIXTH DEFENSE

Prior to the institution of this action, Defendant or the owner, operator, lessor or lessee had already implemented the removal of any existing barriers pursuant to 28 C.F.R. § 36.304 to the extent the removal of said barriers were readily achievable, therefore, Plaintiff is not entitled to an injunction or attorney's fees.

## SEVENTH DEFENSE

Plaintiff has demanded modifications that would require Defendant to fundamentally alter the way it provides its goods and services or would result in an undue burden.

## EIGHTH DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

## NINTH DEFENSE

To the extent any architectural barriers exists, they are merely technical violations within acceptable conventional building industry tolerances for field conditions and the facilities, when taken as a whole, are compliant with the ADA and its implementing regulations.

## TENTH DEFENSE

To the extent the Complaint seeks relief for any area that is the responsibility of the owner or another, an indispensable party defendant has not been joined in this action because the allegations of the Complaint may show that the purported violations include facilities that are the responsibility of another and it has not been joined in this action.

## ELEVENTH DEFENSE

To the extent some or all of the claims or issues relate to property that is owned, operated or leased by another party, Defendant is not liable for compliance on property which it does not own, operate or lease.

## TWELFTH DEFENSE

To the extent any architectural barriers exists, they have already been remedied and/or removed and the issues are now moot and the facilities are compliant with the ADA and its implementing regulations.

## ATTORNEY'S FEES

Defendant has retained the law firm of Greenberg Traurig, P.A. and has agreed to pay it a reasonable fee for its services.  Pursuant to 28 U.S.C. § 1927 and 42 U.S.C. § 12205, Defendant is entitled to recover its attorney's fees and costs.

Respectfully submitted,

SIMON PROPERTY GROUP, L.P.

By their attorneys,

_____/s/  Kay B. Lee_____
Jennifer Martin Foster (BBO #644796)
Kay B. Lee (BBO #647224)
Greenberg Traurig LLP
One International Place
Boston, MA 02110
(617) 310-6000

Co-Counsel:
Brian C. Blair, Esq.
Greenberg Truarig, P.A.
450 S. Orange Ave., Ste. 650
Orlando, FL  32801
(407) 420-1000

Dated: October 26, 2004

**CERTIFICATE OF SERVICE**

      I, Kay B. Lee, hereby state that on October 26, 2004, I caused to be served a copy of the foregoing, by first class mail, postage prepaid, upon counsel for George Iverson, O. Oliver Wragg, Esq., Fuller, Fuller & Associates, P.A., 12000 Biscayne Boulevard, Suite 609, North Miami, Florida 33181.

                                    /s/   Kay B. Lee  
                                  Kay B. Lee

151421