IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GEORGE IVERSON, Individually,

        Plaintiffs,

v.

BRAINTREE PROPERTY
ASSOCIATES, L.P.,

        Defendant.
_____/

CASE NO.: 04-cv-12079-RWZ

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Plaintiff, George Iverson, herein files this response to Defendant's Motion for Protective Order, and states as follows:

1. Defendant's Motion for Protective Order is predicated on the inaccurate conclusion that the Rule 34 Inspection is being conducted by the Plaintiff's expert to drive up fees and costs. In actuality, the Rule 34 Inspection is being conducted so that Plaintiff's expert has the full opportunity to examine Defendant's premises and take photographs and measurements to support any conclusions. While Defendant claims that it should not have to pay the fees and costs for the Plaintiff's expert at the Rule 34 Inspection, nothing precludes Defendant from later taking the same position that the Defendant should not have to pay the fees of the Plaintiff's expert for the Rule 34 Inspection. The issue of fees and costs is not being decided at this time. There is no relevance to Defendant's assertion that there will be increased fees and costs. All fees and costs are subject to the Court's final approval at the end of the matter.

2. No harm exists for the Plaintiff's expert to be able to conduct a Rule 34

CASE NO.: 04-cv-12079-RWZ

Inspection, especially when the date and time for the Rule 34 Inspection was arranged several weeks in advanced with Defendant's counsel. Defendant's counsel agreed to the date and time for the conducting of the Rule 34 Inspection. No reason exists for the Defendant to file a last minute Motion for Protective Order, when it has known about the Rule 34 Inspection for the past several weeks.

3.  Defendant will not be harmed by the Plaintiff's expert being allowed to conduct a Rule 34 Inspection. The Plaintiff's expert was at the premises prior to the suit being filed so as to confirm the Plaintiff's contention that there were barriers to access at Defendant's premises, in violation of the ADA. The Defendant takes the position that just because Plaintiff's expert was at Defendant's shopping mall before the suit was filed, then Plaintiff's expert should not be allowed to again appear at Defendant's shopping mall. The conclusions reached by Plaintiff's expert at the cursory pre-suit inspection, are contained in the report which was filed with the Court as part of the Rule 26(a)(2) Disclosure. Such a report is hardly the same as a report at the Rule 34 Inspection. The Plaintiff's expert original report was also done in compliance with Rule 11's Due Diligences Obligations. That report cited by the Defendant in its motion as Plaintiff's substantive expert report contains no photographs and no measurements for specificity as to existing wheelchair (and other) defined barriers to access, which can only be identified by the Court not precluding the Rule 34 Inspection to go forward as scheduled.

4.  Just as Defendant's expert was allowed unlimited access to Defendant's property, and the opportunity to take measurements and photographs, so too should Plaintiff's expert be allowed the same right to a full Rule 34 Inspection of Defendant's premises with the opportunity

CASE NO.: 04-cv-12079-RWZ

to take measurements and photographs. No harm exists to Defendant for the Plaintiff's expert to have the opportunity to conduct a full Rule 34 Inspection, which was arranged in advance with the Defendant. Nothing precludes Defendant from later objecting to the Expert's fees for the inspection. Defendants have brought forward their expert's report. Defendant's expert report is highly subjective. At the very least, the Plaintiff's expert should not be precluded from entering the property as scheduled with the Defendant, to refute the Defendant's expert's findings.

5.   Defendant's Motion for Protective Order has not been filed in compliance with Local Rule 37.1(b)(2) in that Defendant's Memorandum fails to state that a discovery conference was held, the time, date, location and duration of the conference; who was present for each party; the matters on which the parties reached agreement; and the issues remaining to be decided by the Court.

WHEREFORE, Plaintiff respectfully urges the Court not to grant a Protective Order barring Plaintiff's expert from proceeding to conduct the Rule 34 Inspection arranged by the parties several weeks ago.

Respectfully submitted,

**FULLER, FULLER & ASSOCIATES, P.A.**
*Attorneys for Plaintiffs*
12000 Biscayne Boulevard, Suite 609
North Miami, Florida 33181
Te: (305) 891-5199
Fax: (305) 893-9505

/s/  O. Oliver Wragg
O. Oliver Wragg, Esq. (BBO #643152)

CASE NO.: 04-cv-12079-RWZ

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-mailed on March 11th, 2005 to:

Jennifer Martin Foster, Esq. (BBO #644796)
Greenberg Traurig LLP
One International Place
Boston, MA 02110
FosterJe@GTLaw.com
Tel: (617)310-6000
Fax: (617)310-6001

Brian C. Blair, Esq.
Greenberg Traurig, P.A.
450 S. Orange Avenue, Ste. 650
Orlando, FL 32801

/s/ O. Oliver Wragg
O. Oliver Wragg, Esq.

3602/Plaintiff's Response to Def's Motion Prot Order (3-11-05).wpd