UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GEORGE IVERSON, individually, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BRAINTREE PROPERTY ) <br> ASSOCIATES, L.P., ) <br> ) <br> Defendant. ) | C. A. NO. 04-cv-12079-NG |

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Defendant, Braintree Property Associates, L.P. ("Braintree"), pursuant to Fed. R. Civ. P. 26(c), moves this Court for a protective order denying Plaintiff, George Iverson ("Iverson" or "Plaintiff"), the right to enter certain tenant spaces in Braintree's South Shore Plaza (the "Mall") for purposes of measuring, inspecting and photographing such portions of the Mall. In support hereof, Braintree states as follows:

1. Iverson has filed this suit against a Braintree facility known as the South Shore Plaza, located at 250 Granite Street, Braintree, Massachusetts 02184.

2. Iverson seeks to inspect the Mall ostensibly to determine if any architectural barriers exist at the Mall.

3. While Braintree does not object to Iverson, or his expert, inspecting the common areas of the Mall, Iverson's 2nd Re-Notice of Plaintiff's Request of Entry Upon Land for Inspection and Other Purposes ("Request of Entry") is overbroad and unduly burdensome upon Braintree with respect to the tenant spaces it also seeks to inspect.

4. For example, and as is set forth in more detail in the attached memorandum of law submitted herewith, Iverson's Request of Entry includes areas of the Mall that are not the subject of his Complaint, including at least 55 tenant spaces at the Mall. The Request of Entry further includes areas of the Mall that are not, in fact, owned by Braintree and/or that are subject to Court Ordered Stays due to pending national class action lawsuits.

5. The grounds for seeking this protective order were not raised in Braintree's first Motion for Protective Order filed with this Court on March 10, 2005 as Plaintiff had not, at that time, specifically set forth the tenant spaces upon which he requested access. After the Court ruled on Braintree's first Motion for Protective Order, Plaintiff served Braintree with its Request of Entry in which he specifically set forth the tenant spaces he now seeks to inspect.

6. Braintree's motion is supported by the attached memorandum of law filed herewith.

7. Braintree has retained the law firm of Greenberg Traurig, P.A. and has agreed to pay it a reasonable fee for its services. As such, Braintree is entitled to recover its attorney's fees and costs.

**WHEREFORE**, for the foregoing reasons, Defendant, Braintree Property Associates, L.P., respectfully requests that this Court:

1. Enter a protective order denying Plaintiff, George Iverson, the right to enter the 55 tenant spaces and limiting Plaintiff's requested inspection to the common areas of the Mall; and

2.  Grant such other and further relief as the Court deems just and equitable, including Defendant Braintree's costs and attorneys' fees for the preparation, filing, and hearing of this motion.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Defendant Braintree requests oral argument on this Motion.

Respectfully submitted,

BRAINTREE PROPERTY ASSOCIATES, L.P., a Massachusetts limited partnership,

By its attorneys,


/s/ Jennifer Martin Foster
Jennifer Martin Foster (BBO #644796)
Greenberg Traurig, LLP
One International Place
Boston, MA 02110
(617) 310-6000

Co-Counsel:
Brian C. Blair, Esq.
Greenberg Traurig, P.A.
450 S. Orange Ave., Ste. 650
Orlando, FL  32801
(407) 420-1000

## CERTIFICATION PURSUANT TO FED. R. CIV. P. 26(c) and LOCAL RULES 7.1(A)(2), 37.1(A) and 26.2(C)

On behalf of Defendant Braintree Property Associates, L.P., by and through undersigned counsel, I hereby certify that, pursuant to Fed. R. Civ. P. 26(c) and Local Rules 7.1(A)(2), 37.1(A) and 26.2(C), counsel for Plaintiff, Larry Fuller, Esq., and counsel for defendant, Brian C. Blair, Esq., have conferred and have attempted in good faith to resolve or narrow the issues raised in the above motion and to narrow the areas of disagreement to the greatest possible extent.

/s/ Jennifer Martin Foster
Jennifer Martin Foster

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via U.S. Mail to **O. OLIVER WRAGG, ESQ. and JOHN P. FULLER, ESQ.**, Fuller, Fuller & Associates, P.A., 12000 Biscayne Boulevard, Suite 609, North Miami, Florida 33181, this 1 day of June, 2005.

/s/ Jennifer Martin Foster
Jennifer Martin Foster

bos-srv01\165140v01\518K01_.DOC\6/1/05\83064.010100