UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GEORGE IVERSON, individually, ) | |
| ) | C. A. NO. 04-cv-12079-NG |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BRAINTREE PROPERTY ) | |
| ASSOCIATES, L.P., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR FED. R. CIV. P. 26(C) PROTECTIVE ORDER

Plaintiff George Iverson ("Plaintiff" or "Iverson")'s 2nd Re-Notice of Plaintiff's

Request of Entry Upon Land for Inspection and Other Purposes ("Request of Entry") is

not only overbroad and unduly burdensome in several respects, but also demonstrates

Plaintiff's counsel's continued failure to conduct even the most cursory investigation

before filing claims or propounding discovery, given that some of the tenant spaces

sought to be inspected are the subject of national class action lawsuits in which stays

against litigation have issued.  Additionally, the Request of Entry lists tenant spaces to be

inspected that were not raised in his Complaint and, in fact, are not owned or controlled

by defendant Braintree Property Associates, L.P. ("Braintree").  Accordingly, Braintree

hereby requests that the Court protect it from Plaintiff's overly broad, unduly

burdensome and rule-violative Request.

I.    **Background Facts.**

This is not the first time in this case that Braintree has been forced to move for a protective order against Plaintiff.  On March 10, 2005, Braintree objected to Plaintiff's request to have his expert re-visit the South Shore Plaza, located at 250 Granite Street, Braintree, Massachusetts 02184 (the "Mall") on the grounds that Plaintiff's expert had already conducted discovery on the premises and had already issued his official Rule 26(a)(2) expert report detailing each item at the Mall that he perceived to be in violation of Title III.  Arguing that Plaintiff and his expert had no legitimate reason to re-enter the Mall, Braintree requested a protective order from this Court.

While the Court denied Braintree's request, the Court did recognize that "Plaintiff has been chastised in the past for not conducting a pre-filing investigation." *See* March 14, 2005 Order, attached hereto as **Exhibit "A."**  The Court also noted that it would "be vigilant about any efforts [by Plaintiff] to run up a bill in the case at bar." *Id.*  Braintree's first Motion for Protective Order did not address the tenant spaces at issue in this Motion for Protective Order because, at that time, Plaintiff had not specifically identified which tenant spaces he wished to inspect.  Likewise, no tenant spaces are referenced in Plaintiff's Complaint.

II.   **Plaintiff's current "Request of Entry."**

Plaintiff has propounded a Request of Entry that is replete with examples of Plaintiff's failure to conduct a proper investigation into the scope of the requested discovery and is simply a method to raise costs in this matter.  A copy of Plaintiff's 2nd Re-Notice of Plaintiff's Request of Entry is attached hereto as **Exhibit "B."**

Nevertheless, Braintree has agreed to permit Plaintiff to inspect the common areas of the Mall, which are those areas listed in his Complaint. By agreement, such inspection is currently scheduled for June 3, 2005 at 9:30 a.m. In addition to the common areas, however, Plaintiff requests entry to at least 55 individual stores located at the Mall, *none* of which are even mentioned in his Complaint, nor were they specifically mentioned in Plaintiff's first request for inspection.

After this Court ruled on Braintree's first Motion for Protective Order, Plaintiff indicated his intent to inspect every store in the Mall. Upon inquiring as to his standing for a number of stores, primarily those selling women's apparel and related accessories, Plaintiff voluntarily limited his Request of Entry to the approximately 55 stores listed thereon. *See* Letter from Brian C. Blair, Esq. to Larry Fuller, Esq., dated May 24, 2005, a copy of which is attached hereto as **Exhibit "D."** With respect to the remaining 55 stores Plaintiff seeks to inspect, not only is Plaintiff attempting to bootstrap these stores into the suit through general allegations concerning the common areas of the Mall, but he has completely failed to ascertain whether all of the stores are even *owned* by Braintree. For example, Sears is one of the entities that owns its own building at the Mall. Upon notifying Plaintiff verbally and in writing of such ownership issues, Plaintiff's response was to simply say "tell me which ones I can inspect and which ones have problems" thus requiring Braintree to conduct Plaintiff's due diligence for him.[1]

In addition to ownerships issues, Plaintiff has also, with respect to these 55 stores, failed to investigate whether any of these stores are or have been the subject(s) of national class action lawsuits. For example, one of the stores Plaintiff seeks to inspect --

---

[1] Plaintiff has since agreed to remove Sears from the list of stores he wishes to inspect. Nevertheless, Plaintiff's attempt to force Braintree to conduct its due diligence is unduly burdensome to Braintree and should not be allowed.

Brookstone -- is involved in a national ADA class-action lawsuit in which Plaintiff undoubtedly falls within the class definition. Court orders regarding the case *Access Now, Inc. et. al v. Brookstone Properties, Inc.*, Case No. 00-00740-CIV-LENARD (S.D. Fla. 2002), are attached hereto as **Exhibit "C"** ("Plaintiffs are certified to represent a class of all persons who have been or will qualify as having a 'disability,' as that term is defined by 42 U.S.C. § 12102(2), or who are associated with a person with a disability, and who have been or will be a visitor, customer, patron or guest to a BROOKSTONE store . . . for the following premises . . . all retail establishments owned and operated by BROOKSTONE . . . which are located in any state . . . ."). Under the terms of this Class Action Settlement, Plaintiff, as a member of the approved class in *Access Now*, cannot seek to inspect the premises of any Brookstone Property since any claims are undoubtedly being addressed in the *Access Now* class action. *See also id.* (noting the "prohibition against the filing of separate accessibility actions against Brookstone."). Furthermore, the *Access Now* Court has issued an Order that stays any litigation (which would therefore preclude any attempts to inspect the properties for litigation purposes). Upon notifying Plaintiff's counsel of this fact his response was to state that the class action "does not prevent me from inspecting the store." Plaintiff's counsel additionally stated "tell me which stores have pending cases against them," again attempting to place Plaintiff's due diligence requirements on Braintree. Such a conclusion makes no sense since the pending class action will necessarily address all accessibility issues, if any, at all Brookstone stores given that Title III actions are for injunctive relief only and any benefit inures to the entire class. Thus, any attempt to inspect the Brookstone facility would needlessly increase costs and/or potentially be violative of the Court ordered stay.

4

Although Braintree's counsel is not aware of the outcome and extent of all such suits, it is well known that similar class actions have been filed against several large department stores and other stores Plaintiff seeks to inspect in its Request of Entry. Certainly, it is not Braintree's burden to research all 55 stores to identify if class actions, which would preclude Plaintiff from seeking relief, have been filed against these entities and to determine the preclusive effect of each to relay such information to Plaintiff.

Finally, Plaintiff's Request of Entry demands inspection of a number of vague and over broad locations such as "any and all restrooms" regarding the 55 listed stores or general categories such as "sporting good/active wear" stores. Such requests are not only over broad, as discussed below (after all, Plaintiff, as a male, does not have standing for the women's restrooms at any facility), but Plaintiff's requests would also overly burden Braintree by requiring it to perform discovery-related investigations that are properly the obligation of Plaintiff.

III.    **Braintree's attempts to resolve this issue without the Court's assistance.**

Throughout the past few months, Braintree's counsel has contacted Plaintiff's counsel in an attempt to resolve this discovery issue. A copy of the most recent correspondence to Plaintiff's counsel, dated May 24, 2005, is attached as **Exhibit "D."** In this correspondence, Braintree re-affirmed its position, consistent from the outset of the case, that Braintree does not object to Plaintiff entering the Mall to inspect the *common areas* of the Mall. But because Plaintiff's Request of Entry also covers 55 individual properties, none of which are listed in the Complaint, this Request is both overly broad and unduly burdensome upon Braintree.

IV. **As a result of his failure to properly investigate the scope of his discovery request, Plaintiff's Request of Entry is overbroad and would unduly burden Braintree.**

While Plaintiff's Request of Entry lists 55 separate stores within the Mall that he wishes to gain entry to conduct discovery, *none* of these 55 stores (or areas within each store) are areas identified in his Complaint. *See generally* Complaint.  In fact, the *only* alleged ADA violations made in the Complaint concern parking and access to *common areas* of the Mall (*i.e.*, areas not within any of the 55 stores listed in the Request of Entry).  *See id.*  Because Plaintiff has not listed any of these stores (or any areas within these stores) in his Complaint, federal law holds that Plaintiff's request is overbroad.  *See Macort v. Goodwill Indus.-Manasota, Inc.*, 220 F.R.D. 377 (M.D. Fla. 2003) (holding that plaintiffs were not entitled, under the federal rules of civil procedure, to inspect premises of business for barriers to access other than those specified in their complaint).

V. **Plaintiff has failed to adequately investigate whether his proposed Request of Entry is appropriate in scope, and regarding to whom it is directed.**

Plaintiff, by seeking access to 55 separate stores, some of which *are not even owned* by Braintree (Sears, for example), has completely failed to conduct the investigative measures required by Rule 11 before propounding discovery.  *See, e.g., Kale v. Combined Ins. Co. of America*, 861 F.2d 746, 758 (1st Cir. 1988) (noting that "Rule 11 imposes a duty on counsel to investigate their clients' claims before making any filings and to reassess them throughout the litigation.").

Here, Plaintiff's counsel has made *no* investigation.  Plaintiff not only seeks access to stores that Braintree does not own and control (such as Sears), but also seeks access to stores that would directly violate court-imposed orders in national class action lawsuits (such as Brookstone).  *See* **Exhibit "C."**  Simply put, it is not Braintree's

responsibility to ensure that Plaintiff complies with court orders. Rather, Rule 11

squarely puts the burden on Plaintiff to conduct a minimally-satisfactory investigation to

ensure that the discovery sought is both relevant to the case at hand, and also does not

violate any law or court order. Plaintiff has not done so here.

**VI.** **Even _if_ Plaintiff had the right to inspect the 55 stores listed in his Request of Entry, his actual requests are still overbroad because he lacks standing to inspect certain stores.**

Notwithstanding the fact that Plaintiff failed to perform an adequate investigation,

and the fact that _none_ of the 55 stores are listed in the Complaint, Plaintiff's actual

requests are overbroad. Plaintiff is a male complaining that certain areas of Braintree's

property is non-ADA compliant, however, his requests are not limited to the areas for

which he is entitled access. _See generally_ Complaint. Plaintiff's Request of Entry

regarding the 55 stores include a request to inspect "any and all restrooms, which are

provided for use by the public, customers, and invitees . . . ." _See_ **Exhibit "B"** at ¶ 2.

This request, therefore, includes the _women's_ restrooms of Filene's, Lord & Taylor,

Macy's, Sears, CVS, and any other of the 55 stores that have women's restrooms.

Obviously, as a male, Mr. Iverson lacks standing to complain of any potential

ADA violations in women's bathrooms. _See, e.g., Disabled Americans for Equal Access

v. Ferries Del Caribe, Inc._, 405 F.3d 60, 64 (1st Cir. 2005) ("In the context of Title III of

the ADA, a plaintiff generally must 'show a real and immediate threat that a particular

(illegal) barrier will cause future harm.'") (citing _Dudley v. Hannaford Bros, Co._, 333

F.3d 299, 305 (1st Cir. 2003)). Here, Mr. Iverson obviously cannot show that any alleged

illegal barriers for many of the facilities such as _women's_ restrooms, changing rooms and

other similar areas could cause him any harm, and therefore, in this respect, his Request of Entry is overbroad.

Simply put, Plaintiff's current Request of Entry is far too broad in scope and unduly burdensome to Braintree to be allowed to stand in its current form.

## VII.    Conclusion.

For the foregoing reasons, Defendant, Braintree Property Associates, L.P., respectfully requests that the Court grant its Motion for Protective Order and limit Plaintiff's inspection of the Mall to the areas outlined in his Complaint -- the common areas only.

Respectfully submitted,

BRAINTREE PROPERTY ASSOCIATES, L.P., a Massachusetts limited partnership

By its attorneys,

/s/ Jennifer Martin Foster
Jennifer Martin Foster (BBO #644796)
Greenberg Traurig, LLP
One International Place
Boston, MA 02110
(617) 310-6000

Co-Counsel:
Brian C. Blair, Esq.
Greenberg Traurig, P.A.
450 S. Orange Ave., Ste. 650
Orlando, FL   32801
(407) 420-1000

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via U.S. Mail to **O. OLIVER WRAGG, ESQ. and JOHN P. FULLER, ESQ.**, Fuller, Fuller & Associates, P.A., 12000 Biscayne Boulevard, Suite 609, North Miami, Florida 33181, this 1 day of June, 2005.

/s/ Jennifer Martin Foster
Jennifer Martin Foster

bos-srv01\FOSTERJE\165144v01\518Z01_.DOC\6/1/05\83064.010100

```
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To
avoid later charges, download a copy of each document during this first viewing.
<!-- rcsid='\$Header: /ecf/district/html/TextHead,v 3.1 2003-04-25 07:56:43-04 loy Exp
\$' --> United States District Court District of Massachusetts

Notice of Electronic Filing
The following transaction was entered on 3/14/2005 at 10:05 AM EST and filed on 3/14/2005

#ident 'rcsid=\$Header: /ecf/district/server/TextBody,v 3.1 2003-04-25 07:52:35-04 loy Exp
\$' Case Name: Iverson v. Simon Property Group, L.P. Case Number: 1:04-cv-12079
https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?94400

Document Number:
Copy the URL address from the line below into the location bar of your Web browser to view
the document:

Docket Text:
Judge Nancy Gertner : Electronic ORDER entered denying [9] Motion for Protective Order:
From the materials that the defendant has submitted, it is clear that plaintiff has been
chastised in the past for not conducting a pre-filing investigation. In this instance, he
did -- using the same expert that is the subject of defendant's motion, and filing what
was described as a "preliminary" report.  It is not unreasonable for the expert to seek to
re-visit the area after reviewing the defendant's expert's response. AT the same time, the
court will be vigilant about any efforts to "run up a bill" in the case at bar.
(Gertner, Nancy)

The following document(s) are associated with this transaction:


<!-- rcsid='\$Header: /ecf/district/server/TextAtyList,v 3.2 2003-06-02 17:37:56-04 bibeau
Exp \$' --> 1:04-cv-12079 Notice will be electronically mailed to:
Jennifer M Foster                                        fosterje@gtlaw.com

Kay B. Lee                                      leeka@gtlaw.com

O. Oliver Wragg                                  , IV  ffa@fullerfuller.com


1:04-cv-12079 Notice will not be electronically mailed to:
```

1

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GEORGE IVERSON, Individually,           )
                                        )
            Plaintiff,                  )
v.                                      )    CASE NO.: 04-CV-12079-NG-JLA
                                        )
                                        )
BRAINTREE PROPERTY ASSOCIATES,          )
a Massachusetts Limited Partnership,    )
                                        )
            Defendant.                  )
_____    )

### 2ND RE-NOTICE OF PLAINTIFFS' REQUEST OF ENTRY UPON LAND FOR INSPECTION AND OTHER PURPOSES

COME NOW Plaintiffs, by and through undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, request entry upon the Defendant's property known as *South Shore Plaza*, and located at *250 Granata Street, Braintree, MA*, for the purpose of inspecting and measuring, surveying, photographing, testing or sampling the property within the scope of Rule 26(b). The area of inspection shall be the following:

1.    Any and all Parking Area(s) provided for use by the public, customers and invitees;

2.    Any and all Restrooms, which are provided for use by the public, customers, and invitees;

3.    Any and all entrances and Path(s) of Travel areas provided for public use;

4.    All access(es) to goods and services throughout the facility; and

5.    Any and all areas of the public accommodation, excepting only work areas used exclusively by employees, which include, but are not limited to, all tenant spaces in a shopping center, and all common areas of the public accommodation; and

EXHIBIT __B__

6.    All other areas cited in paragraph 17 of the Amended Complaint as being in violation of the ADA.

7.    The tenant spaces to be inspected are listed in the attached "Exhibit A".

The time for said entry shall be, <u>WEDNESDAY, JUNE 1, 2005 @ 9:30 A.M.</u> and shall continue until Plaintiffs' inspection shall have been completed. In the event the inspection is not completed in one inspection, same shall be continued on a mutually agreeable time and date.

I HEREBY CERTIFY that a true and correct copy of the foregoing was faxed and e-mailed on May 18, 2005 to:

Jennifer Martin Foster, Esq. (BBO #644796)
Kay B. Lee, Esq. (BBO #647224)
Greenberg Traurig LLP
One International Place
Boston, MA 02110
FosterJe@GTLaw.com
Tel: (617)310-6000
Fax: (617)310-6001

Brian C. Blair, Esq.
Greenberg Traurig, P.A.
450 S. Orange Avenue, Ste. 650
Orlando, FL 32801
(407)841-1295

FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
Tel.: (305)891-5199
Fax: (305)893-9505

By: _____
O. Oliver Wragg, Esq. (BBO #643152)

cc: William Norkunas (expert)
FILE 3886 RULE 34 INSPECTION (2ND RENOTICED).wpd

List of Tenant Stores to be Inspected
Page 1

Department Stores

Filene's
Lord & Taylor
Macy's
Sears

Health and Beauty

CVS

Home Furnishings

Filene's Home Store
Williams-Sonoma

Men's & Women's Fashions

Abercrombie & Fitch
American Eagle Outfitters
Banana Republic
Champs Sports
Eddie Bauer
Filene's Basement
Gap
J. Crew

Men's Fashions

Simon & Sons
Aeropostale

Music

Circuit City
Radio Shack

Restaurants – all restaurants including order-at-the-counter restaurants and order-at-the-table-by-a-staff restaurants

Beantown Burrito
Bourbon Street Cajun Café

<u>List of Tenant Stores to be Inspected</u>
<u>Page 2</u>

Johnny Rockets
La Cucina di Capri
Master Wok
McDonald's
Pizzeria Regina
Quizno's Classic Subs
Sarku Japan
Souper Salad
99 Restaurant and Pub
Brigham's Restaurant
Joe's American Bar & Grill
Legal Sea Food
Pizzeria Uno Chicago Bar and Grill
Rock Bottom Brewery

<u>Services</u>

ATM Money Machines

<u>Shoes</u>

Bostonian Shoe
Foot Locker
Footaction USA
Johnston & Murphy
Payless ShoeSource
Rockport Shoes
The Athlete's Foot

<u>Specialty Food</u> – <u>all specialty foods such as ice cream stores, candy stores, doughnut stores, coffee stores, etc.</u>

Au Bon Pain
Auntie Anne's Pretzels
Brigham's Ice Cream
Candy Express
Cinnabon
Dunkin' Donuts
Godiva Chocolatier

<u>List of Tenant Stores to be Inspected</u>
<u>Page 3</u>

Kohr Brothers Frozen Custard
Lindt Chocolate
Planet Smoothie
The Coffee Beanery

<u>Specialty Shops</u>

Brookstone
Sharper Image

<u>Sporting Goods / Activewear</u> – <u>all sporting goods and men's activewear stores</u>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

```
FILED by _____ D.C.
DKTG
        JAN 3 1 2003
   CLARENCE MADDOX
   CLERK U.S. DIST. CT.
   S.D. OF FLA. - MIAMI
```

CASE NO. 00-00740-CIV-LENARD
Magistrate Judge Simonton

ACCESS NOW, INC., EDWARD S.          )
RESNICK, DAN MURPHY and CYNTHIA      )
JONES, on their own behalf and on behalf of all )
those similar situated,               )
                                      )      **ORDER CLARIFYING ORDER**
        Plaintiff(s),                 )      **EXTENDING STAY**
                                      )
v.                                    )
                                      )
BROOKSTONE PROPERTIES INC., a New     )
Hampshire corporation, and BROOKSTONE )
STORES, INC., a New Hampshire Corporation, )
                                      )
        Defendant(s).                 )
                                      )
_____ )

THIS MATTER came before the Court on the Parties' Joint Motion For Clarification of

Order Extending Stay. The Court having reviewed the joint motion, and being otherwise duly

advised of the circumstances surrounding the motion, it is hereby ordered and adjudged that the

Parties' joint motion is Granted, with clarification as follows:

The Order Extending Stay, dated January 8, 2003, does not effect the conditional

certification of the class, or the prohibition against the filing of separate accessibility actions

against Brookstone. The temporary class certification and prohibitions against separate actions

shall remain in effect until the a determination is made at the Fairness Hearing or the Court rules

otherwise.

Done and ordered in chambers at Miami, Miami-Dade County, Florida, this 3⟩ day of

EXHIBIT ___C___

ACCESS NOW v. BROOKSTONE PROPERTIES, INC.
CASE NO.: 00-00740 CIV-LENARD

_____, 2003.

_____
United States District Judge

Copies furnished to:
Robert S. Fine, Esq.
Matthew W. Dietz, Esq.
Lorence Jon Bielby, Esq.

-2-

# Greenberg Traurig

Brian C. Blair, Esq.
Direct Dial: (407) 418-2345
E-mail: blairb@gtlaw.com

May 24, 2005

*Via Facsimile (305) 893-9505 and U.S. Mail*

Lawrence A. Fuller, Esq.
Fuller, Fuller and Associates, P.A.
12000 Biscayne Blvd., Ste. 609
North Miami, FL 33181

> *Iverson v. Braintree Property Associates (South Shore)*
> Case No. 04-CV-12079-NG-JLA

Dear Larry:

I am in receipt of your Second Re-Notice of Plaintiff's Request of Entry Upon Land for Inspection and Other Purposes ("Request for Inspection") relating to the inspection of the South Shore Plaza on June 1, 2005 commencing at 9:30 a.m. My office advised your office today that there was a conflict with this date. At the same time, I proposed June 3, 2005 at 9:30 a.m. as an alternative date for the inspection. Per your correspondence of May 18, 2005, please revise the Request for Inspection accordingly.

As I have informed you from the commencement of this case, my client has never objected to your expert inspecting any of the common areas of the mall. My client does, however, object to the scope of your client's inspection, as it relates to the tenant space, for several reasons. I will be filing a Motion for Protective Order shortly which will seek to limit the scope of the inspection. Before addressing that issue, I did want to confirm that your client does not intend to inspect any tenant space other than those identified in your Request for Inspection and all other omitted tenant space is excluded from the lawsuit. As we discussed, I do not believe Mr. Iverson has standing for most, if not all, of the stores omitted from your list for obvious reasons, such as the fact that they are women's apparel or accessory related stores. I only raise this issue since your proposed Request for Inspection is vague. The Request for Inspection lists a number headings followed by some open-ended phrases like "all specialty foods *such as [name]...etc.*" I am uncertain whether your proposed list of facilities to inspect is exhaustive or whether you are attempting to inspect unlisted facilities that day or have my client complete your inspection list. I do not want to inspect the mall in segments or revisit these issues multiple times, therefore, if you disagree with my conclusion that all tenant space and other facilities not listed in the Request for Inspection are excluded from the lawsuit, please notify me in writing within five (5) days of the date of this correspondence. Otherwise, I will assume you agree with my conclusion and the only stores subject to inspection and the lawsuit are those identified in the Request for Inspection. Additionally, your Request for Inspection indicates it may extend beyond one day while your May 18, 2005 correspondence indicates you will only need six (6) hours. I need clarification on the time you need so my expert will be available.

EXHIBIT ___D___

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
CHICAGO
DALLAS
DENVER
FORT LAUDERDALE
LOS ANGELES
MIAMI
NEW JERSEY
NEW YORK
ORANGE COUNTY CA
ORLANDO
PHILADELPHIA
PHOENIX
SILICON VALLEY
TALLAHASSEE
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
WILMINGTON
ZURICH

Lawrence A. Fuller, Esq.
May 24, 2005
Page 2
_____/

        With respect to the remaining tenant issues, my client will be objecting on a number of grounds. First, one of the only cases to address the scope a Title III ADA inspection has specifically held such an inspection is limited to the areas identified in the Complaint. *See Macort v. Goodwill Indus.-Manasota, Inc.*, 220 F.R.D. 377 (M.D. Fla. 2003)(held that plaintiffs were not entitled, under rules of civil procedure, to inspect premises of business for barriers to access other than those specified in their complaint). I see none of the stores listed in your Request for Inspection identified in the Complaint. In fact, I do not even see all of the common areas identified in the Complaint either. Based upon the prevailing case law, the scope of your inspection is over broad

        Second, a number of the facilities listed in the Request for Inspection are not owned by my client. For example, Sears is one of the entities that owns this building at this mall. I do not believe it is my client's obligation to research ownership of facilities your client claims have discriminated against him. Fed. R. Civ. P 11 requires you to make some sort of minimal investigative measures before simply filing suit. As you will recall, I already notified you of the incorrect owner entities you included at the outset of the suit. I see no need to continue to do this throughout the suit.

        Third, I am aware that some of the stores you have included in your proposed inspection have been the subject of national class actions. I know these national class actions have been court approved and the definition of the approved class includes your client. In fact, I believe some of the stores you seek to inspect have national, court approved, stays of litigation in place. Thus, any attempt to inspect these facilities would most likely be a violation of a Federal Court Order. My client does not want to violate any Court orders, therefore, it is up to you to seek relief from same. Again, I think you should undertake some minimal investigation before simply attempting to inspect every facility on the list.

        Finally, I have requested the opportunity to depose your client a number of times in the past when we spoke on the telephone. While you may proceed with inspecting the common areas on June 3, 2005, I will set the deposition of Mr. Iverson in the interim to determine what instances of discrimination he has encountered at all of these tenant stores so that we may narrow the inspection, to the extent it is even permitted to take place at all. Please provide me with proposed dates Mr. Iverson is available by the close of business on May 26, 2005 or I will have my local counsel proceed with scheduling the deposition.

                                        Sincerely,

                                        **GREENBERG TRAURIG, P.A.**

                                        Brian C. Blair

BCB/aa

cc:     Michael H. Freese, Esq. (via email)
        Melissa S. Whybrew (via email)
        Jennifer M. Foster, Esq. (via email)

orl-fs1\BLAIRBM02359v02c8tn02_DOC\5/24/05\83064 010100