# Greenberg Traurig

Brian C. Blair, Esq.
Direct Dial: (407) 418-2345
E-mail: blairb@gtlaw.com

May 24, 2005

*Via Facsimile (305) 893-9505 and U.S. Mail*

Lawrence A. Fuller, Esq.
Fuller, Fuller and Associates, P.A.
12000 Biscayne Blvd., Ste. 609
North Miami, FL 33181

*Iverson v. Braintree Property Associates (South Shore)*
*Case No. 04-CV-12079-NG-JLA*

Dear Larry:

I am in receipt of your Second Re-Notice of Plaintiff's Request of Entry Upon Land for Inspection and Other Purposes ("Request for Inspection") relating to the inspection of the South Shore Plaza on June 1, 2005 commencing at 9:30 a.m. My office advised your office today that there was a conflict with this date. At the same time, I proposed June 3, 2005 at 9:30 a.m. as an alternative date for the inspection. Per your correspondence of May 18, 2005, please revise the Request for Inspection accordingly.

As I have informed you from the commencement of this case, my client has never objected to your expert inspecting any of the common areas of the mall. My client does, however, object to the scope of your client's inspection, as it relates to the tenant space, for several reasons. I will be filing a Motion for Protective Order shortly which will seek to limit the scope of the inspection. Before addressing that issue, I did want to confirm that your client does not intend to inspect any tenant space other than those identified in your Request for Inspection and all other omitted tenant space is excluded from the lawsuit. As we discussed, I do not believe Mr. Iverson has standing for most, if not all, of the stores omitted from your list for obvious reasons, such as the fact that they are women's apparel or accessory related stores. I only raise this issue since your proposed Request for Inspection is vague. The Request for Inspection lists a number headings followed by some open-ended phrases like "all specialty foods *such as [name]...etc.*" I am uncertain whether your proposed list of facilities to inspect is exhaustive or whether you are attempting to inspect unlisted facilities that day or have my client complete your inspection list. I do not want to inspect the mall in segments or revisit these issues multiple times, therefore, if you disagree with my conclusion that all tenant space and other facilities not listed in the Request for Inspection are excluded from the lawsuit, please notify me in writing within five (5) days of the date of this correspondence. Otherwise, I will assume you agree with my conclusion and the only stores subject to inspection and the lawsuit are those identified in the Request for Inspection. Additionally, your Request for Inspection indicates it may extend beyond one day while your May 18, 2005 correspondence indicates you will only need six (6) hours. I need clarification on the time you need so my expert will be available.

EXHIBIT _D_

ALBANY

AMSTERDAM

ATLANTA

BOCA RATON

BOSTON

CHICAGO

DALLAS

DENVER

FORT LAUDERDALE

LOS ANGELES

MIAMI

NEW JERSEY

NEW YORK

ORANGE COUNTY CA

ORLANDO

PHILADELPHIA

PHOENIX

SILICON VALLEY

TALLAHASSEE

TYSONS CORNER

WASHINGTON, D.C

WEST PALM BEACH

WILMINGTON

ZURICH

Lawrence A. Fuller, Esq.
May 24, 2005
Page 2
_____/

      With respect to the remaining tenant issues, my client will be objecting on a number of grounds. First, one of the only cases to address the scope a Title III ADA inspection has specifically held such an inspection is limited to the areas identified in the Complaint. *See Macort v. Goodwill Indus.-Manasota, Inc.*, 220 F.R.D. 377 (M.D. Fla. 2003)(held that plaintiffs were not entitled, under rules of civil procedure, to inspect premises of business for barriers to access other than those specified in their complaint). I see none of the stores listed in your Request for Inspection identified in the Complaint. In fact, I do not even see all of the common areas identified in the Complaint either. Based upon the prevailing case law, the scope of your inspection is over broad

      Second, a number of the facilities listed in the Request for Inspection are not owned by my client. For example, Sears is one of the entities that owns its building at this mall. I do not believe it is my client's obligation to research ownership of facilities your client claims have discriminated against him. Fed. R. Civ. P 11 requires you to make some sort of minimal investigative measures before simply filing suit. As you will recall, I already notified you of the incorrect owner entities you included at the outset of the suit. I see no need to continue to do this throughout the suit.

      Third, I am aware that some of the stores you have included in your proposed inspection have been the subject of national class actions. I know these national class actions have been court approved and the definition of the approved class includes your client. In fact, I believe some of the stores you seek to inspect have national, court approved, stays of litigation in place. Thus, any attempt to inspect these facilities would most likely be a violation of a Federal Court Order. My client does not want to violate any Court orders, therefore, it is up to you to seek relief from same. Again, I think you should undertake some minimal investigation before simply attempting to inspect every facility on the list.

      Finally, I have requested the opportunity to depose your client a number of times in the past when we spoke on the telephone. While you may proceed with inspecting the common areas on June 3, 2005, I will set the deposition of Mr. Iverson in the interim to determine what instances of discrimination he has encountered at all of these tenant stores so that we may narrow the inspection, to the extent it is even permitted to take place at all. Please provide me with proposed dates Mr. Iverson is available by the close of business on May 26, 2005 or I will have my local counsel proceed with scheduling the deposition.

               Sincerely,

               GREENBERG TRAURIG, P.A.

               Brian C. Blair

BCB/aa

cc:    Michael H. Freese, Esq. (via email)
       Melissa S. Whybrew (via email)
       Jennifer M. Foster, Esq. (via email)

orl-fsl\BLAIRB\402359v02\c8tn02_DOC\5/24/05\83064 010100