

U.S. Department of Justice
Civil Rights Division
*Public Access Section*

# The Americans with Disabilities Act

Title III Technical Assistance Manual

*Covering Public Accommodations and Commercial Facilities*

November 1993



EXHIBIT 5

stadiums);

4) Places of public gathering (e.g., auditoriums, convention centers, lecture halls);

5) Sales or rental establishments (e.g., bakeries, grocery stores, hardware stores, shopping centers);

6) Service establishments (e.g., laundromats, dry-cleaners, banks, barber shops, beauty shops, travel services, shoe repair services, funeral parlors, gas stations, offices of accountants or lawyers, pharmacies, insurance offices, professional offices of health care providers, hospitals);

7) Public transportation terminals, depots, or stations (not including facilities relating to air transportation);

8) Places of public display or collection (e.g., museums, libraries, galleries);

9) Places of recreation (e.g., parks, zoos, amusement parks);

10) Places of education (e.g., nursery schools, elementary, secondary, undergraduate, or postgraduate private schools);

11) Social service center establishments (e.g., day care centers, senior citizen centers, homeless shelters, food banks, adoption agencies); and

12) Places of exercise or recreation (e.g., gymnasiums, health spas, bowling alleys, golf courses).

*Can a facility be considered a place of public accommodation if it does not fall under one of these 12 categories?* No, the 12 categories are an exhaustive list. However, within each category the examples given are just illustrations. For example, the category "sales or rental establishments" would include many facilities other than those specifically listed, such as video stores, carpet showrooms, and athletic equipment stores.

*What if a private entity operates, or leases space to, many different types of facilities, of which only relatively few are places of public accommodation? Is the whole private entity still a public accommodation?* The entire private entity is, legally speaking, a public accommodation, but it only has ADA title III obligations with respect to the operations of the places of public accommodation.

> ILLUSTRATION: ZZ Oil Company owns a wide range of production and processing facilities that are not places of public accommodation. It also operates a large number of retail service stations that are places of public accommodation. In this case, ZZ Oil Company would be a public accommodation. However, only its operations relating to the retail service stations are subject to the broad title III requirements for public accommodations. The other facilities, however, are commercial facilities and would be subject only to the requirements for new construction and alterations.

 *Do both a landlord who leases space in a building to a tenant and the tenant who operates a place of public accommodation have responsibilities under the ADA?* Both the landlord and the tenant are public accommodations and have full responsibility for complying with all ADA title III requirements

applicable to that place of public accommodation. The title III regulation permits the landlord and the tenant to allocate responsibility, in the lease, for complying with particular provisions of the regulation. However, any allocation made in a lease or other contract is only effective as between the parties, and both landlord and tenant remain fully liable for compliance with all provisions of the ADA relating to that place of public accommodation.

> ILLUSTRATION: ABC Company leases space in a shopping center it owns to XYZ Boutique. In their lease, the parties have allocated to XYZ Boutique the responsibility for complying with the barrier removal requirements of title III within that store. In this situation, if XYZ Boutique fails to remove barriers, both ABC Company (the landlord) and XYZ Boutique (the tenant) would be liable for violating the ADA and could be sued by an XYZ customer. Of course, in the lease, ABC could require XYZ to indemnify it against all losses caused by XYZ's failure to comply with its obligations under the lease, but again, such matters would be between the parties and would not affect their liability under the ADA.

*Is a bank that acquires ownership of a place of public accommodation through foreclosure subject to title III?* Yes. Any owner of a place of public accommodation is covered as a public accommodation regardless of the intended or actual duration of its ownership.

*Can a place of public accommodation be covered by both the ADA and the Fair Housing Act (FHA)?* Yes. The analysis for determining whether a facility is covered by title III is entirely separate and independent from the analysis used to determine coverage under the FHA. A facility can be a residential dwelling under the FHA and still fall in whole or in part under at least one of the 12 categories of places of public accommodation. ILLUSTRATION: LM, Inc., a private, nonsectarian, nonprofit organization operates a homeless shelter permitting stays ranging from overnight to those of sufficient length to result in coverage as a dwelling under the FHA. Because it permits short-term, overnight stays, the shelter may also be considered a place of public accommodation as a "place of lodging," and covered by title III of the ADA. In addition, if the shelter provides a significant enough level of social services, such as medical care, meals, counseling, transportation, or training, it may also be covered under title III as a "social service center establishment."

*Does title III apply to common areas within residential facilities?* Although title III does not apply to strictly residential facilities, it covers places of public accommodation within residential facilities. Thus, areas within multifamily residential facilities that qualify as places of public accommodation are covered by the ADA if use of the areas is not limited exclusively to owners, residents, and their guests.

> ILLUSTRATION 1: A private residential apartment complex includes a swimming pool for use by apartment tenants and their guests. The complex also sells pool "memberships" generally to the public. The pool qualifies as a place of public accommodation.

> ILLUSTRATION 2: A residential condominium association maintains a longstanding policy of restricting use of its party room to owners, residents, and their guests. Consistent with that policy, it refuses to rent the room to local businesses and community organizations as a meeting place for educational seminars. The party room is not a place of public accommodation.

> ILLUSTRATION 3: A private residential apartment complex contains a rental office. The rental office is a place of public accommodation.