IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGE IVERSON, Individually, <br><br>　　　　Plaintiff, <br><br>v. <br><br>BRAINTREE PROPERTY ASSOCIATES, LIMITED PARTNERSHIP, a Massachusetts Limited Partnership, <br><br>　　　　Defendant. | Civil Action #: 1:04-CV-12079 NG-JLA |

### RESPONSE TO COURT ORDER DATED SEPTEMBER 7, 2006

**COMES NOW** the Plaintiff, George Iverson, by and through his undersigned attorneys, and responds to the Court Order dated Sept. 7, 2006,

The first question posed by the Court is whether the Buckhannon issues are obviated by the parties' agreement that Plaintiff is the prevailing party and entitled to attorneys fees, without agreement as to the amount.

The Plaintiff asserts that the answer is unclear under existing case law, but existing case law appears to suggest that a Buckhannon analysis is warranted and not obviated. Plaintiff refers the Court of American Disability Association, Inc. v. Chmielarz, 289 F.2d 1315 (11th Cir. 2002), a Title III case factually similar to the case at bar. In Chmielarz, the parties entered into a settlement agreement resolving the disputed issues and agreed that the court determine the issue of reasonable attorneys fees and

costs and retain jurisdiction to enforce the agreement.[1] In reversing the lower court's denial of fees to Plaintiff, the Eleventh Circuit in Chmielarz, *id*. at 1321, analyzed Buckhannon and the United States Supreme Court decision of Kokkonen v. Guardian Life Ins. Co., 511 US 375 (1998) in its opinion where it held,

> Thus, it is clear that, even absent the entry of a formal consent decree, if the district court either incorporates the terms of the settlement into its final order of dismissal *or* expressly retains jurisdiction to enforce a settlement, it may thereafter enforce the terms of the parties' agreement. Its authority to do so clearly establishes a "judicially sanctioned change in the legal relationship of the parties," as required by *Buckhannon*, because the plaintiff thereafter may return to court to have the settlement enforced. A formal consent decree is unnecessary in these circumstances because the explicit retention of jurisdiction or the court's order specifically approving the terms of the settlement are, for these purposes, the functional equivalent of the entry of a consent decree. See *Smyth*, 282 F. 3d at 281("Where a settlement agreement is embodied in a court order such that the obligation to comply with its terms is court-ordered, the court's approval and the attendant judicial over-sight (in the form of continuing jurisdiction to enforce the agreement) may be equally apparent"); Nat'l Coalition 173 F. Supp. 2d at 1279 ("the parties' voluntary Settlement Agreement and resulting order and judgement requiring compliance with that Agreement have the same effect, for purposes of establishing prevailing party status, as would a litigated order imposing the same terms").

By implication, the 11th Circuit in Chmielarz, *supra*, did not find the agreement by the Defendant to pay plaintiff's reasonable attorneys fees a sufficient basis obviating a Buckhannon analysis.

But a Buckhannon analysis is warranted for the proposition of Plaintiff as prevailing party. In the case at bar, a settlement agreement was reached between the parties, whereby the Defendant agreed to specific terms and to pay the Plaintiff's

---

[1] See Order Denying Motion for Attorneys Fees in American Disability v. Chmielarz, Case No. 00-cv-7281 (S.D. Fla. 2001) (D.E. 46).

attorney's fees. The negotiated agreement was expressly conditioned upon the Court retaining jurisdiction of the settlement agreement. By asking the Court to retain jurisdiction of the settlement agreement, the parties negotiated the functional equivalent of a consent decree, not a mere private settlement. The negotiated settlement that included the request for the Court to retain jurisdiction was in part based on Buckhannon and subsequent case law.

While Courts have interpreted Buckhannon in different ways, it seems clear in the first Circuit that the settlement agreement in the case at bar if the Court retained jurisdiction over it would meet the standard of a "judicially sanctioned changed in the legal relationship of the parties."  The First Circuit in Smith v. Fitchburg Public Schools, 401 F. 3d 16 (1st Cir 2005), affirmed the lower court's denial of attorneys fees in favor of Plaintiff, after the parties entered into a settlement agreement favorable to the Plaintiff, which was occasioned by the intervention of the administrative hearing officer. The Court held that "...there was a material alteration in the 'legal relationship' between Chelsea and Fitchburg. Under Buckhannon, however, that is not enough to justify an award of attorneys' fees; there must be judicial imprimatur on that change." Id. at 27.

The Court, in dicta, favors an expansive reading of Buckhannon stating,

> For an order to be considered the functional equivalent of a consent decree, however, "the obligation to comply with a settlement's terms must be expressly made part of a court's order for jurisdiction to enforce the settlement after dismissal of the action to exist." Smyth, 282 F. 3d at 283; see Kokkonen v. Guardian Life Ins. Co. Of Am.,("the judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order."). Thus, "either incorporation of the terms of the settlement agreement, or a separate provision retaining jurisdiction over the agreement will suffice for this purpose." Smyth, 282 F. 3d at 283.  In contrast, "where a court merely recognizes the fact of the parties' agreement and dismisses the case because there is no longer a

dispute before it, the terms of the agreement are not made part of the order and consequently will not serve as a basis of jurisdiction." Id.

The Court further stated on p. 25, "[t]here is disagreement among our sister circuits whether the Supreme Court intended 'judgments on the merits' and 'consent decrees' to be the only forms of success conferring prevailing party status, or whether these two forms are mere examples of the types of relief that can confer such status."

The Fourth Circuit has held similarly in Smyth v Rivero, 282 F.3d 268, 281-82 (4th Cir. 2002) where the Court held "[w]here a settlement agreement is embodied in a court order such that the obligation to comply with its terms is court-ordered, the court's approval and attendant judicial over-sight (in the form of continuing jurisdiction to enforce the agreement) may be equally apparent. We will assume, then, that an order containing an agreement reached the parties may be functionally a consent decree for purposes of the inquiry to which Buckhannon direct us." The Second Circuit in Roberson v. Guiliani, Wing, 346 F.3d 75 (2003), held that the district court's retention of enforcement jurisdiction over the parties' private settlement agreement provided the judicial imprimatur necessary to convey prevailing party status on the plaintiffs.

Other circuits have interpreted Buckhannon in other ways. For example, the Eight Circuit in Christina A. v. Bloomberg, 315 F.3d. 990 (8th Cir. CA 2003), held that a consent decree in which the Court has retained jurisdiction is not enough to meet the Buckhannon standard of a judicial imprimatur and confer prevailing party status on a party. In contrast the Ninth Circuit in Barrios v. California Interscholastic, 277 F. 3d 1128 (9th Cir 2002), has held that a private settlement agreement, even without the Court's retention of jurisdiction, is enough of a judicially sanctioned change in the relationship of the parties to confer

prevailing party status on a party.[2]

As to the final question posed by the court, to wit; if counsel wish this court to exercise continuing jurisdiction over the case, it must brief whether this case is within the analysis of Kokkonen v, Guardian life Insurance of America, 511 US 375(1994).

Kokkonen dealt with the power of the federal court to enforce a settlement agreement after a case had been previously dismissed pursuant to Federal Rules of Civil Procedure 41(a)(i)(ii), and the parties executed a Stipulation and Order of Dismissal with Prejudice, which did not retain District Court jurisdiction to enforce it. Rejecting the lower court's finding that it had inherent authority to enforce the agreement, the Court stated,

> We think, however, that the power asked for here is quite remote from what the courts require in order to perform their functions. We have recognized inherent authority to appoint counsel to investigate and prosecute violation of court's order... But the only order here was that the suit be dismissed, a disposition that is no way flouted or imperiled by the alleged breach of the settlement agreement. p.381.  The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal -- either by separate provision (such as a provision"retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.  That, however, was not the case here. The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." Kokkonen v, Guardian life Insurance of America,511 US 375(1994).

The case at bar however, does not concern the Court's jurisdiction to enforce a settlement agreement, but instead to enter the functional equivalent of a consent decree (according to the First Circuit) by dismissing the case and retaining jurisdiction to enforce

---

[2] Barrios, *supra*, may support the contention that the proposed settlement agreement fits the Buckhannon standard without the Court retaining jurisdiction to enforce the agreement by arguing that the judicial imprimatur derives from the fact that dismissal of the law suit is consideration for the agreement. However, there is no appellate authority in this circuit to support this.

the settlement agreement and attorneys' fee awards. <u>Kokkonen</u> is clearly applicable to the case at bar in that it makes clear that a federal district court *has* the jurisdiction and power to retain jurisdiction over the enforcement of a private settlement agreement as long as it explicitly retains the jurisdiction to do so. *Id*. In addition, the case holds that "the district court's retention of jurisdiction...entails a level of judicial sanction sufficient to support an award of attorney's fees." *Id*. Should the court enter such an order, the court here would clearly have the jurisdiction to award plaintiffs attorneys fees, litigation expenses, and costs under the standard announced by the First Circuit in <u>Smith</u>, <u>supra</u>.

 In conclusion, it is in the best interest of the courts and litigating parties to promote the resolution of lawsuits, and to do so here. For this reason, it is respectfully requested that the Court retain jurisdiction to enforce the terms of the settlement. Without the Court doing so, the Plaintiff is reluctant to settle because it would not have any reasonable assurance that his attorneys fees, litigation expenses and costs will be paid. The Court in <u>Buckhannon</u>, in defining when a party prevails to support an award of fees under the federal fee-shifting statutes, balanced the Defendant's need to settle to avoid being extorted out of money with the need to allow a litigant essentially acting as a private attorney general to recover its reasonable fees and costs when it prevails. <u>Buckhannon</u> was not decided to discourage legitimate claims under the federal fee-shifting statutes. <u>Buckhannon</u> rejected the 'catalyst theory" as grounds for the entitlement of fees and thus rejected according prevailing party status to someone who because of their action causes a voluntary change in the defendants action without judicial imprimatur.

 The <u>Buckhannon</u> decision should not prevent the award of fees after the parties resolve their dispute and request such judicial imprimatur in the form of enforcing the terms

6

and conditions of the parties' settlement. The Court certainly has the inherent ability to review the agreement before entering judgement thereon, Roberson, *supra*, at 82. Furthermore, the Court generally should not be any more concerned than it would be had it entered a judgment against the Defendant after a Plaintiff had accepted an Offer of Judgment offered by the Defendant pursuant to FRCP 68. Also, the Court here would be bound to only award reasonable attorneys fees, litigation expenses and costs under applicable law.

Furthermore, the court's retention of jurisdiction to award plaintiffs fees and enforce the agreement, promotes the well-settled law that a prevailing plaintiff under the federal fee-shifting statute should recover an award of attorneys fees absent special circumstances. See Truesdell v. Philadelphia Housing Authority, 290 F. 3d 159 (3d CA 2002); The Alliance for ADA Compliance v. Har-Gor Enterprises,Inc., 207 F.3d 664 (11th CA 2000)

**WHEREFORE,** it is respectfully requested that the court enter the settlement agreement and retain jurisdiction to enforce it, and award Plaintiff's reasonable attorneys fees, litigation expenses, expert fees and costs.

Respectfully submitted,

**FULLER, FULLER & ASSOCIATES, P.A.**
*Attorneys for Plaintiff*

By:   /s/John P. Fuller
John P. Fuller, Esq., *pro hac vice*
12000 Biscayne Boulevard, Suite 609
North Miami, FL 33181
jpf@fullerfuller.com
Tel.: (305) 891-5199
Fax: (305) 893-9505

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically via the Court's CM/ECF System on September 18, 2006, to:

Jennifer Martin Foster, Esq.
Kay B. Lee, Esq.
Greenberg Traurig, LLP
One International Place
Boston, MA 02110
617-310-6000

and by email to:

Brian C. Blair, Esq.
Greenberg Traurig, P.A.
450 S. Orange Avenue, Suite 650
Orlando, FL 32801
407-420-1000
blairb@gtlaw.com

        **FULLER, FULLER & ASSOCIATES, P.A.**
        *Attorneys for Plaintiff*
        12000 Biscayne Boulevard, Suite 609
        North Miami, FL 33181
        jpf@fullerfuller.com
        Tel.: (305) 891-5199
        Fax: (305) 893-9505

        By: /s/ John P. Fuller
            John P. Fuller, Esq., *pro hac vice*

3586 Response to Court Order dated September 7, 2006 (dk 9-18-06).wpd