**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**GEORGE IVERSON, individually,**

     **Plaintiff,**

**vs.**                                                    **Case No. 04-CV-12079-NG**

**BRAINTREE PROPERTY ASSOCIATES, L.P.,**
**a Massachusetts limited partnership,**

     **Defendant.**

_____/

**DEFENDANT'S RESPONSE TO BRIEFING SCHEDULE**
**OR ALTERNATIVELY FOR CLARIFICATION**

Defendant, BRAINTREE PROPERTY ASSOCIATES, L.P. ("Braintree"), pursuant to this Court's Order of September 7, 2006, and subsequent Order dated the same, files this response or, alternatively, seeks clarification and states as follows:

1.      Braintree is filing a response out of an abundance of caution since two Orders were entered in this matter on the same issue. The first Order entered above indicates Plaintiff is responsible for briefing the jurisdictional issues raised by his counsel at the status conference. The second Order indicates "counsel" are to file a brief on the same issue. Since Braintree and its counsel have not raised any of the issues and do not believe any issues exist with respect to the matters raised by Plaintiff or his counsel, Braintree does not contemplate the need for it to brief the issues raised by Plaintiff.

2.      Braintree does not contest Plaintiff's counsel's entitlement to a reasonable fee, nor has it ever contested same. Given Braintree's agreement to Plaintiff's counsel's entitlement to a reasonable fee, it is unaware of any issues under *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598 (2001) and

1

its progeny that would preclude Plaintiff's counsel from recovering reasonable and proper attorney's fees, expert fees and costs. Based upon the foregoing, Braintree does not see the need to brief this issue.

3.      Braintree does not request the Court to retain jurisdiction and, alternatively, does not object if the Court wants to retain jurisdiction. This issue was raised solely by Plaintiff's counsel.

4.      Braintree only requests that the Court determine the reasonable fees and costs due Plaintiff's counsel and his expert in this matter. Based upon this issue, Braintree contests the number of hours expended and hourly rate of Plaintiff's counsel and his expert. Braintree also contests the ability of Plaintiff to recover expert fees in this matter. Finally, Braintree contests the ability of Plaintiff to recover certain other costs.

5.      Braintree understands the filing of the settlement agreement was necessary for the Court to consider, among other things, the award to Plaintiff's counsel of reasonable attorney's fees, expert fees and cost, if any. Braintree, however, requests the Court maintain the confidentiality of the settlement agreement currently filed under seal.

6.      Based upon all of the foregoing representations, Braintree believes the need for briefing, on its part, is unnecessary. To the extent the Court would like Braintree to brief any issues after the foregoing representation have been made, Braintree seeks clarification of what issues it needs to brief.

**WHEREFORE**, Defendant, BRAINTREE PROPERTY ASSOCIATES, L.P., respectfully requests that the Court determine the reasonable attorney's fees, expert fees and costs, if any, in this matter and other and further relief as this Court deems just and

2

proper.    Alternatively, Braintree seeks clarification of the issues to be briefed after making the representations set forth herein.

Respectfully submitted,

**BRAINTREE PROPERTY ASSOCIATES, L.P.,**

By their attorneys,

/s/ Jennifer Martin Foster_____
Donald R. Frederico, Esq. (BBO#178220)
Jennifer Martin Foster, Esq. (BBO#664796)
Greenberg Traurig, LLP
One International Place
Boston, MA  02110
(617) 310-6000

*Co-Counsel:*
Brian C. Blair, Esq.
Greenberg Traurig, P.A.
450 S. Orange Ave., Ste. 650
Orlando, FL 32801
(407) 420-1000

Dated: September 18, 2006

## CERTIFICATE OF SERVICE

I, Jennifer Martin Foster, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent, via First-Class Mail, to those indicated as non-registered participants, on this 18th day of September, 2006.

/s/ Jennifer Martin Foster_____
Jennifer Martin Foster

bos-fs1\MoreauJ\201932v01\656C01_.DOC\9/18/06\83064.010100