IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGE IVERSON, Individually,<br><br>    Plaintiff,<br><br>v.<br><br>BRAINTREE PROPERTY ASSOCIATES, LIMITED PARTNERSHIP, a Massachusetts Limited Partnership,<br><br>    Defendant. | Civil Action #: 1:04-CV-12079 NG-JLA |

**PLAINTIFF'S MOTION TO FILE MOTION FOR ATTORNEY FEES UNDER SEAL**

**COMES NOW** the Plaintiff, George Iverson, by and through his undersigned attorneys, and hereby files the instant Motion To File Motion For Attorney Fees, Costs, Litigation Expenses And Expert Fees and attached exhibits under seal, and states as follows:

    1.  On September 18, 2006, the respective parties filed a Settlement Agreement under seal [DE 25].

    2.  By Order dated October 2, 2007, this Court Ordered Plaintiff's counsel to submit an application for attorneys fees ("Fee Application").

    3. Paragraph 5 of the Settlement Agreement provided that the Court determine the amount of attorney fees and costs, etc. to which Plaintiff is entitled.  Paragraph 7 of the same Agreement, however, contains a Confidentiality clause which arguably applies to the statements undersigned counsel must incorporate into its Fee Application.  In the Fee Application, undersigned counsel must reference the many terms of the Settlement

Agreement to demonstrate what Plaintiff accomplished in this action to qualify as a "prevailing party". These include the remedial measures Defendant is required to undertake pursuant to the Settlement Agreement and the time frame for such measures.

4. In negotiating the Settlement Agreement, undersigned counsel argued against the inclusion of the Confidentiality clause, pointing out the inconsistency of including such a clause when the parties agreed that the Court would be required to decide on the issue of fees. Plaintiff's counsel has the right to advance all arguments in support of its Fee Application, inclusive of references to the Settlement Agreement's terms. However, undersigned counsel is wary of advancing such arguments and violating the terms of the Confidentiality clause.

5. Accordingly, Plaintiff seeks an Order of the Court stating whether or not its Fee Application must be filed under seal. Two proposed orders are attached hereto.

6. This office contacted Brian Blair, attorney for Defendant with respect to this request and Mr. Blair has not indicated his position.

Wherefore, Plaintiff respectfully requests that the Court issue an Order clarifying whether Plaintiff shall file his Fee Application under seal.

Respectfully submitted,

**FULLER, FULLER & ASSOCIATES, P.A.**
*Attorneys for Plaintiff*

By: __/s/John P. Fuller__
    John P. Fuller, Esq., *pro hac vice*
    12000 Biscayne Boulevard, Suite 609
    North Miami, FL 33181
    jpf@fullerfuller.com
    Tel.: (305) 891-5199
    Fax: (305) 893-9505

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically via the Court's CM/ECF System on October 9, 2007, to:

Jennifer Martin Foster, Esq.
Kay B. Lee, Esq.
Greenberg Traurig, LLP
One International Place
Boston, MA 02110
617-310-6000

and by email to:

Brian C. Blair, Esq.
Baker & Hostetler, LLP
200 South Orange Avenue #2300
Orlando, FL 32801
BBlair@BakerLaw.com

**FULLER, FULLER & ASSOCIATES, P.A.**
*Attorneys for Plaintiff*
12000 Biscayne Boulevard, Suite 609
North Miami, FL 33181
jpf@fullerfuller.com
Tel.: (305) 891-5199
Fax: (305) 893-9505

By: /s/ John P. Fuller
    John P. Fuller, Esq., *pro hac vice*

3586 M-file-seal (tbb 10-9-07).wpd