UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GEORGE IVERSON, individually,

      Plaintiff,

vs.                                                              Case No. 1:04-cv-12079-NG JLA

BRAINTREE PROPERTY
ASSOCIATES LIMITED
PARTNERSHIP, a Massachusetts
limited partnership,

      Defendant.

---

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S  MOTION FOR
ADMISSION *PRO HAC VICE* OF TRACIE L. DICKERSON, ESQ.**

Defendant, Braintree Property Associates Limited Partnership ("Braintree") submits this

Memorandum of Law in Opposition to Plaintiff George Iverson's ("Plaintiff") Motion for

Admission *Pro Hac Vice* of Tracie L. Dickerson, Esq. (the "Motion"), and states as follows:

## I.  INTRODUCTION

As is set forth in more detail in Braintree's Memorandum of Law in Opposition to

Plaintiff's Amended Verified Application for Attorneys' Fees, Costs, and Expert Fees

("Memorandum in Opposition to Fees"), the procedural and legal aspects of this case are quite

simple and unremarkable.  On September 27, 2004, the Plaintiff filed a garden-variety Title III

Americans with Disabilities Act ("ADA") complaint against Braintree.  (Docket No. "Doc." 1).

On April 6, 2005, despite already having one experienced attorney working on this matter

(Attorney Oliver Wragg, who is both admitted to practice in Massachusetts and is associated

with Plaintiff's counsel's law firm, Fuller, Fuller and Associates, P.A.), the Plaintiff moved for

the admission *pro hac vice* of John Fuller, Esq.  The parties conducted an inspection of the

property and subsequently entered into a settlement agreement which was filed under seal with

this Court on September 18, 2006. (Doc. 25). On November 1, 2007, Plaintiff's counsel applied to the Court for an excessive amount of attorneys' fees, (Docs. 31, 32), and then moved for admission *pro hac vice* of Lawrence Fuller, Esq. on December 3, 2007, increasing the number of Plaintiff's attorneys on this case to three. (Doc. 37). Shortly thereafter, on December 11, 2007, Braintree filed its Memorandum in Opposition to Fees. (Doc. 41). Some of the arguments and cases set forth in Braintree's Memorandum in Opposition to Fees address the fact that Plaintiff may not recover attorneys' fees for work done by attorneys that were not properly admitted to practice in front of this Court. Despite that this case has already been resolved and that multiple experienced attorneys are currently able to represent the Plaintiff[1], the Plaintiff moved to have Tracie Dickerson admitted to practice in front of this Court *pro hac vice* on January 7, 2008. (Doc. 49).

The Plaintiff has moved for this Court to admit another attorney *pro hac vice* and increase the size of its litigation team yet again. This Court should exercise its broad discretion and deny the Motion for several reasons. First, the Motion is entirely unnecessary as the Plaintiff is already represented by numerous adequate counsel (Attorney Dickerson would be the fourth attorney of record for this matter), the case has already been settled, and the Plaintiff has already been granted additional counsel *pro hac vice*. Second, the Motion should be denied because, despite the fact that Plaintiff's counsel was on notice that proper admission is required in order to recover attorneys' fees, the Plaintiff failed to file this Motion at an appropriate time, waiting instead until after the case was settled and all substantive litigation was finished. Third, this Court should also consider the improper litigation tactic being employed by the Plaintiff's

---

[1]    Indeed, in Plaintiff's fees petition, Attorney John Fuller claims to be one of the most experienced attorneys in this area. That said, it is particularly puzzling why Attorney Fuller would need three additional attorneys to assist him with this fairly straightforward ADA case.

counsel: attempting to admit as many lawyers as possible to substantiate their excessive

attorneys' fees request.  Fourth, this Court should deny the motion because Attorney Dickerson,

as a public employee of the State of Florida, is no longer associated in any way with Fuller,

Fuller and Associates, P.A. and will no longer be working on this case.

## II.  STANDARD OF REVIEW

The United States Supreme Court has recognized that "in many District Courts, the

decision on whether to grant *pro hac vice* status to an out-of-state attorney is *purely*

*discretionary*."  *Frazier v. Heebe*, 482 U.S. 641, 651 n.13 (1987) (second emphasis added) (also

stating that *pro hac vice* admission is not a freely available alternative); *Panzardi-Alvarez v.*

*U.S.*,  879 F.2d 975, 980 (1st Cir. 1989) (finding that "even if all requirements are satisfied, the

court may, in its sound discretion, deny the request for admission.").  Likewise, the decision

whether to grant *pro hac vice* status in the Federal District of Massachusetts is discretionary.  *See*

Local Rule 83.5.3(b) (leave to appear *pro hac vice* granted in the discretion of the Court).

Furthermore, admission to practice *pro hac vice* is a privilege afforded to certain

attorneys - not a right granted by statute or constitution.  *E.g.*, *Leis v. Flynt*, 439 U.S. 438, 441

(1979); *Panzardi-Alvarez v. U.S.*,  879 F.2d at 980; *Thomas v. Cassidy*, 249 F.2d 91, 92 (4th Cir.

1957).

## III.  ARGUMENT

### A.    The Motion Should Be Denied Because It Is Entirely Unnecessary.

The Motion should be denied because additional counsel in this proceeding is entirely

unnecessary.  Rules allowing admission *pro hac vice* generally exist for the purpose of allowing

a litigant to be represented by his or her counsel of choice.  *See, e.g., Panzardi-Alvarez.*, 879

F.2d at 980 (citing *Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985)).  The high mobility of

the bar and the trend toward attorney specialization are also policies behind the practice of

allowing admission *pro hac vice*. *See, e.g., Leis v. Flynt*, 439 U.S. 438, 442 (U.S. 1979); *Spanos v. Skouras Theatres Corp.*, 364 F.2d 161, 167 (2d Cir. 1966) (stating that experts in federal law should be permitted, when appropriate, to conduct litigation in federal courts via admission *pro hac vice*). In the instant case, where the procedural and legal aspects of the underlying dispute were both simple and unremarkable, and the underlying case has been resolved and settled, admission of yet another attorney simply to enlarge the Plaintiff's litigation team is entirely unnecessary.

First, the addition of another attorney to the instant case is unnecessary because the Plaintiff was, and is, adequately represented by Plaintiff's current counsel. Courts have considered the availability of adequate representation by local counsel to be highly relevant to both the issue of admission *pro hac vice* and the unnecessary award of attorneys' fees. *See Di Luzio v. United Electrical, etc., Local 274*, 391 Mass. 211, 214-15 (1984) (applying a Massachusetts state rule very similar to Local Rule 83.5.3; finding it relevant that the plaintiff would not be measurably prejudiced by the denial of the motion for admission *pro hac vice*); *Kansas Teachers Credit Union v. Mutual Guar. Corp.*, 982 F. Supp. 1445, 1448 (D. Kan. 1997) (stating that an attorney's admission was unnecessary when the attorney's name appeared only on one pleading); *see also Nationalist Movement v. City of Boston*, 1999 U.S. App. LEXIS 21377, at *2-3 (1st Cir. 1999) (stating that "[i]n any event, the Movement was represented by qualified counsel during most of the litigation and the court awarded attorney's fees for the services these lawyers had provided.").

The instant case is a relatively straightforward Title III, ADA claim. Because Plaintiff's counsel has filed a number of Title III, ADA claims in Massachusetts and hundreds of similar

lawsuits nationwide,[2] surely the Plaintiff is adequately represented by its current multiple

attorneys.  Moreover, Plaintiff's counsel has recently been chastised by a federal court for

admitting two out-of-state attorneys to litigate a case when they "[had] overlapping skills and

experience; one of them easily could have handled the case, particularly given the limited

amount of substantive work that was required."  *Disabled Patriots of America, Inc. v. HT West

End LLC*, No. 1:04-cv-3216-JEC, 2007 WL 789014 at *5 (N.D. Ga. Mar. 14, 2007).  Also,

Plaintiff's counsel apparently has been adequate in this case as they managed to procure a

settlement of the case necessitating only minimal discovery and without the cost and expense of

trial.

Second, the addition of another attorney to the instant case is unnecessary because the

litigation is essentially finished.  The single issue that is still undecided is the specific amount of

attorneys' fees that will be awarded to the Plaintiff.  Surely the multiple experienced attorneys

currently representing the Plaintiff can adequately represent the Plaintiff in this final *de minimus*

stage of the proceedings.  Moreover, Plaintiff's counsel has already filed its Application For

Attorneys' Fees, (Docs. 31, 32), and replied to Braintree's Memorandum in Opposition to Fees,

(Doc. 47), leaving no substantive work to be done in the case that would necessitate the

admission of yet another attorney.

Third, the addition of another attorney to the instant case is unnecessary because the

Plaintiff has already been granted additional counsel *pro hac vice*.  Courts disapprove of the

unwarranted admission of additional attorneys in situations that do not call for such.  *See Roma*

---

[2]     For example, Plaintiff filed an identical suit against the Chestnut Hill Mall in this District that is owned by the same company as the Mall at issue here.  Counsel and the type of facility in both suits (closed air mall) are identical, *see Iverson v. WMACH, LLC*, United States District Court, District of Massachusetts, Case No. 04-12077-RWZ.  *See also* Exhibit 2, paragraph 4 of Plaintiff's Amended Verified Motion for Attorneys' Fees, Costs ,and Expert's Fees.

*Constr. Co. v. Arusso*, 96 F.3d 566, 576 (1st Cir. 1996) (noting that the district court found relevant that a previous motion by the plaintiffs seeking the admission *pro hac vice* of another of their attorneys *had already been granted*; but overturning the denial because the plaintiffs identified "specific, logical reasons, for their request" and the opposing party had more than ten attorneys) (second emphasis added); *Disabled Patriots of America, Inc.*, 2007 WL 789014 at *5 (disapproving of Plaintiff's counsel's unnecessary admission of both Lawrence Fuller and John Fuller when one could have adequately represented the client).

In this case, the Plaintiff already had counsel -- Oliver Wragg, who is admitted in the District of Massachusetts and who is associated with Fuller, Fuller and Associates, P.A. Nevertheless, the Plaintiff was granted the *pro hac vice* admission of John Fuller, Esq. (Doc. 13). Over two and a half years later and over one year after the case was settled, the Plaintiff moved for admission *pro hac vice* of yet another attorney, Lawrence Fuller, Esq. (Doc. 37). While this addition was also unnecessary, Braintree did not oppose the admission out of the interest of professionalism. At the current juncture, however, adding Attorney Dickerson as a fourth attorney is entirely redundant and unnecessary.

**B.    The Motion Should Be Denied Because The Plaintiff Did Not Move For Admission At An Appropriate Time.**

As previously stated, a settlement has been reached in the instant case and only the issue of attorneys' fees remains to be resolved – and this issue has already been briefed. Even at this exceptionally late stage in the proceeding, however, the Plaintiff is seeking to admit *pro hac vice* yet another lawyer to join the Plaintiff's litigation team. This Motion is untimely and inappropriate, as any such motion should have been made much earlier in the proceeding and, at a minimum, before all substantive work in the case had been completed.

In cases where an attorney is admitted *pro hac vice*, the motion is generally made at the

early stages of litigation. Federal courts disapprove of the notion of an attorney being admitted *pro hac vice* at late stages in a civil proceeding. *See, e.g., Spanos v. Skouras Theatres Corp.*, 364 F.2d 161, 167 (2d Cir. 1966) (stating that "[n]or do we think it would be proper for the Southern District Court to have admitted Spanos *nunc pro tunc* … even though the industry suit was still pending…the only purpose in admitting Spanos would be to legitimize his earlier activities so that he could recover his fees."). This is precisely what plaintiff's counsel is attempting to do in this case -- legitimize the earlier activities of Attorney Dickerson so that Fuller, Fuller and Associates, P.A. can collect her fees.

The inappropriate timing of this Motion is further illustrated by the fact that attorney's fees are not recoverable for work done by an attorney prior to the date the attorney is granted admission to practice in a jurisdiction. *E.g., Spanos*, 364 F.2d at 166-67 (stating that only if the counsel had been admitted, would he have been entitled to reasonable compensation); *Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 374 F.3d 857, 862 (9th Cir. 2004) (approving of the district court's order awarding attorney's fees only from the date of counsel's admission to practice *pro hac vice*); *Martinez v. Hodgson*, 265 F. Supp. 2d 135, 145 (D. Mass. 2003) (disapproving of an out-of-state attorney who failed to obtain *pro hac vice* status prior to trial and deducting fees accordingly); *In re Ferrey*, 774 A.2d 62, 64 (R.I. 2001) (finding that a Massachusetts lawyer was denied fees from a Rhode Island client for all work done on the case prior to his admission *pro hac vice*); *see also Roma*, 96 F.3d at 576-77 (noting that a court, if concerned that *pro hac vice* admission is generating excessive expense, can also consider this issue in the fee application). Likewise, *pro hac vice* fees themselves are not recoverable by counsel, as they are an expense of counsel and not the client. *E.g., Schmitz-Werke GMBH & Co. v. Rockland Indus., Inc.,* 271 F. Supp. 2d 734, 735 (D. Md. 2003) (citations omitted); *Sheffer v.*

*Experian Info. Solutions, Inc.*, 290 F. Supp. 2d 538, 552 (D. Pa. 2003); *Kansas Teachers Credit Union*, 982 F. Supp. at 1448.

This rule against allowing the recovery of fees for work done prior to being properly admitted to a jurisdiction is rooted in the notion that "an attorney who lacks *pro hac vice* status may be viewed as being on the same footing as a non-lawyer. Such a layperson, of course, is not entitled to … fees." *E.g.*, *Nationalist Movement v. City of Boston*, 1999 U.S. App. LEXIS 21377, at *2-3 (1st Cir. 1999) (also stating that an attorney who engages in legal activities without having been admitted *pro hac vice* accepts the risk that fees may not be forthcoming). Recovery for services provided by attorneys is limited to those attorneys who have "fully complied with the rules creating the exception of which they seek to take advantage." *Shapiro*, 374 F.3d at 862 (stating that rules regulating the practice of law, including admission *pro hac vice*, are mandatory and must be followed).

In the instant case, Plaintiff's counsel did not fully comply with the spirit of Local Rule 83.5.3 and move to be admitted *pro hac vice* at an appropriate juncture in the proceeding. On the contrary, by waiting until after the case was concluded and all substantive issues were decided or had been briefed, Plaintiff's counsel accepted the risk that fees may not be forthcoming. Furthermore, Plaintiff's counsel was on notice that attorney's fees may not be recoverable unless the attorney is admitted to practice in this jurisdiction. *See Disabled Patriots of America, Inc.*, 2007 WL 789014 at *5 (stating that the court had already indicated to Plaintiff's counsel, John Fuller and Lawrence Fuller, that only properly admitted attorneys would be reimbursed for their work). Nevertheless, Plaintiff's counsel apparently allowed Attorney Dickerson to work on the instant case without ever being admitted to practice in front of this Court. Moreover, Attorney Dickerson is no longer associated with Fuller, Fuller and Associates, P.A. in any way as she is

currently employed by the State of Florida, Miami-Dade County Health Department (Affidavit of Tracie L. Dickerson, Esq. In Support of Motion for Admission *Pro Hac Vice* ("Dickerson Affidavit"), ¶ 1; Doc. 49, Ex. 1.).  Accordingly, Attorney Dickerson presumably will not be working on this case in the future.

For each of these reasons, the Court should deny the Motion.  In the event the Court decides to grant the Motion, the Court should follow the majority federal position and restrict the recoverable attorneys' fees to work attributable to Attorney Dickerson after the date on which she is properly admitted and also do the same for Attorney Lawrence Fuller who was just admitted *pro hac vice* on  December 3, 2007.

**C.      The Court Should Weigh Plaintiff's Counsel's Inappropriate Purpose In Filing This Motion And Consequently Deny The Motion.**

In the instant case, the only conceivable reason for Plaintiff's counsel to request the admission *pro hac vice* of yet another attorney at this juncture is to attempt to substantiate their excessive claim for attorneys' fees.  As demonstrated in Section B, *supra*, however, fees are often not recoverable for work performed by an attorney before being admitted to practice in a jurisdiction.

Moreover, when weighing a decision to admit an attorney *pro hac vice*, previous misuses of the judicial system are relevant.  "Ordinarily a motion *pro hac vice* is granted pro forma." *E.g.*, *Cyphers v. Fuji Heavy Indus. Co.*, 32 F. Supp. 2d 1199 (D. Mont. 1998).  However, if a court feels that a firm is engaging in frivolous or unprofessional litigation practices, the court should not permit the *pro hac vice* vehicle to be abused.  *See id.* at 1200.  For example, the court in *Cyphers* refused to allow an entire firm to participate in the litigation before it due to the firm's history of abusive discovery practices.  *Id.* 1200-02 (finding a common theme of unnecessarily multiplying and delaying past civil proceedings by using a "battalion of

associates" to "[dream] up discovery and motions"). In *Cyphers*, the court decided to prevent

any future misuse of the *pro hac vice* vehicle by admitting only one attorney from that firm on

the express condition that the rest of the firm would not work on the case at all. *Id.* at 1202.

Like the firm in *Cyphers*, Plaintiff's counsel has a history of admitting lawyers *pro hac*

*vice* into cases for inappropriate reasons – to increase legal fees. *See, e.g., HT West End LLC*,

2007 WL 789014 at *5; (Docs. 13, 37). This practice is a misuse of the *pro hac vice* vehicle, as

the exception is only intended to allow a party to be represented by the counsel of their choice or

by a federal law expert if necessary. *See Panzardi-Alvarez.*, 879 F.2d at 980 (citations omitted);

*Leis*, 439 U.S. at 442. Due to the inappropriate purpose of this Motion and the Plaintiff's

counsel's continuing practice of using the *pro hac vice* vehicle in this fashion, the Court should

deny the Motion.

**D.    The Motion Should Be Denied Because Attorney Dickerson Is No Longer Associated With Fuller, Fuller and Associates, P.A.**

Yet another reason that the Court should deny the Motion is that Attorney Dickerson is

no longer associated in any way with Fuller, Fuller and Associates, P.A., (Dickerson Affidavit at

¶1; Doc. 49, Ex. 1), but instead is now a public employee of the Miami-Dade County Health

Department (a local branch of a the Florida Department of Health). *Id.* Presumably, in her new

role, Attorney Dickerson no longer represents private individuals in private litigations, including

Mr. Iverson in this matter. And, in fact, may be precluded from doing so as an employee of the

State of Florida. As such, there is no reason to grant Plaintiff's motion for Attorney Dickerson to

appear *pro hac vice* in connection with this case.

Moreover, Attorney Dickerson's representation of the Plaintiff at this juncture could

possibly create the appearance of a conflict of interest or improper influence. Braintree's parent

company also owns and operates a large number of properties in Florida, including in Miami-

Dade County.  These mall properties arguably are subject to the authority of both the Miami-Dade County Health Department and the Florida Department of Health.  *See generally,* §§ 381.001, Fla. Stat. *et seq.*  Attorney Dickerson's representation of the Plaintiff against a company that may fall within the regulatory authority of her current employer, could possibly create the appearance of a conflict of interest or of improper influence.  *See, e.g.,* Section 112.313(7)(a), Fla. Stat.

In this instance, Plaintiff's request – that a public attorney employed by another state be admitted *pro hac vice* to represent a private client in Massachusetts Federal District Court for the purpose of collecting fees – is highly unusual and should be carefully considered.  At the very least, this unusual situation further demonstrates that this Motion is nothing more than an attempt by Plaintiff's counsel to increase their attorneys' fees and substantiate their already excessive request for attorneys' fees.  Plaintiff's request should, therefore, be denied.

### IV.  CONCLUSION

WHEREFORE, Braintree respectfully requests that this Court deny Plaintiff's Motion for Admission *Pro Hac Vice* of Tracie L. Dickerson.  In the event that the Court decides to admit Attorney Dickerson *pro hac vice*, Braintree requests that the Court restrict Plaintiff to recovering only those attorney's fees attributable to Attorney Dickerson for legal work done after the date of

the order of admission (and to similarly restrict the fees of Attorney Lawrence Fuller to only those fees attributable to him after he was admitted *pro hac* vice on December 3, 2007).

Respectfully submitted,

**BRAINTREE PROPERTY ASSOCIATES, L.P.,**

By their attorneys,

 /s/ Jennifer Martin Foster
Jennifer Martin Foster, Esq. (BBO#664796)
Greenberg Traurig, LLP
One International Place
Boston, MA  02110
(617) 310-6000

*Co-Counsel:*
Brian C. Blair, Esq.
Baker & Hostetler, LLP
SunTrust Center, Suite 2300
200 S. Orange Ave.
Orlando, FL 32801
*Admitted Pro hac vice*

Dated:  January 15, 2008

<u>**CERTIFICATE OF SERVICE**</u>

I, Jennifer Martin Foster, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent, via First-Class Mail, to those indicated as non-registered participants, on this 15th day of January, 2008.

 /s/ Jennifer Martin Foster
Jennifer Martin Foster