IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGE IVERSON, Individually,<br><br>Plaintiff,<br><br>v.<br><br>BRAINTREE PROPERTY ASSOCIATES, LIMITED PARTNERSHIP, a Massachusetts Limited Partnership,<br><br>Defendant | )<br>)<br>)<br>)<br>) Civil Action #: 1:04-CV-12079 NG-JLA<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS FEES AND TO STRIKE PLAINTIFF'S VERIFIED MOTION TO SUPPLEMENT APPLICATION FOR ATTORNEYS FEES, AND DEFENDANT'S MOTION TO BE PERMITTED TO FILE A SUR REPLY AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

COMES NOW the Plaintiff, by and through his undersigned attorneys, and files Plaintiff's Opposition to Defendant's Motion to Strike Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Attorneys Fees and to Strike Plaintiff's Verified Motion to Supplement Plaintiff's Application for Attorneys Fees, And Defendant's Motion to Be Permitted to File a Sur Reply And Memorandum of Law in Support Thereof, and states:

The first argument the Defendant raises in support of its Motion to Strike, is that it did not assent to the filing of such a lengthy reply brief or the submission of new evidence. The Court on December 17, 2007 [D.E. 42] issued an Order permitting the Plaintiff to file a Reply Brief in Response to Defendant's Opposition to Plaintiff's Opposition for Fees.  The Local Rules of this Court define the permissible length of any

such Reply. See L.R. 7.1(b)(2). Accordingly, whether the Defendant's counsel consented to the filing of "such a lengthy reply brief," is immaterial. Plaintiff's Reply Brief consist of 18 pages, which is within the allowable page limit of 20 pages.

As to Defendant's counsel's argument that the Defendant did not assent to the submission of new evidence, the Plaintiff's reply brief does not contain evidence, but merely attaches 3 exhibits in response to the arguments raised by Defendant's counsel that the undersigned counsel spent unnecessary time negotiating changes to the Defendant's proposed settlement agreement, and plaintiff's law firm had too many attorneys working on the case. The exhibits complained of are the Ex A letter from the undersigned to Mr. Blair, outlining Plaintiff's requested changes to the settlement agreement, the Exhibit B email from Mr. Blair to the undersigned regarding Defendant's demand for confidentiality, and the Exhibit C email from Mr. Blair wherein Mr. Blair points out the need for any change in the settlement agreement to be approved by Defendant's in-house counsel. Plaintiff's Reply Brief is strictly confined to replying to the arguments raised by the Defendant in its 23-page Response to Plaintiff's Application for Fees [see Defendant's Response D.E. 41]. In its Motion to Strike, Defendant's counsel does not cite a single example of any new arguments raised in Plaintiff's reply that did not specifically address the arguments raised in the Defendant's opposition.

The Defendant next argues that where new evidence is presented at the reply stage, the Defendant should not consider the new evidence without giving the non-movant an opportunity to respond. The two cases cited by the Defendant's counsel for the foregoing proposition ,as cited herein, are dealing with rules adopted by the courts in a summary judgment proceeding, when new evidence is first presented in a reply. As

the court states in Provenz v. Miller, 102 F. 3d 1478(9th CA 1996), " We agree with the Seventh Circuit, which held that "where evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the non-movant party an opportunity to respond." Black v. TIC INV. Corp., 900 F.2d 112, 116(7th Cir. 1990). In the subject case, the Plaintiff's Reply is to Defendant's Opposition toPlaintiff's fee application, not in reply to a motion for summary judgment , and the exhibits attached to Plaintiff's Reply are not new evidence.

The Defendant further argues that the Plaintiff's Reply(DE 47) and the Plaintiff's Motion to Supplement its Fees(DE 46) are to be considered one document for purposes of calculating the number of pages for purposes of the Local Rules. This is not supported by the record.  Plaintiff's Motion to Supplement its Fees is clearly a separate motion and is so specified.

Furthermore, the filing of the separate Motion to Supplement Plaintiffs' Fee Application is entirely appropriate.  The filing is appropriate to update Plaintiff's claim for fees for legal services performed subsequent to the initial fee application.  As cited in Plaintiff's initial Application for Fees, the First Circuit Court of Appeals in Lund v. Affleck, 587 F.2d 75, 77 (1st Cir 1978), held in pertinent part,

> It would be inconsistent with the purposes of the Act to dilute a fee award by refusing to compensate the attorney for the time originally spent in establishing and negotiating his rightful claim to the fee.

Assuming the Plaintiff has filed a meritorious response to Defendant's Opposition to Plaintiff's Request for Fees, Plaintiff's attorney should be compensated for the services in this regard. The law is clear as enunciated by the U.S. Supreme Court, when quoting from the Senate report in enacting 42 U.S.C.A. § 1988, counsel for prevailing parties

should be paid, as is traditional with attorneys compensated by fee-paying clients, for all time reasonably expended on the matter. Hensley v. Eckerhart, 103 S. Ct. 1933, 1946 (1983).

The Defendant's counsel also asserts that Plaintiff's Motion to Supplement its Fees should be denied because the hours set forth in the Motion are not contemporaneous entries. The Defendant cites several cases allegedly in support of this proposition. These cases merely provide that contemporaneous time slips are required; but do not hold that an application for fees cannot recite contemporaneous time slips as part of a separate motion to supplement Plaintiff's fee application. The computerized invoice for legal services rendered by Plaintiff's attorneys had already been submitted to the court, and it represents services by multiple attorneys in Plaintiff's attorney's law firm. The Motion to Supplement Fees merely copies, from an updated computerized invoice, the additional services and time expended thereon, for the limited services performed by John Fuller in preparing a reply to Defendant's opposition. This avoids the confusion that would be created by submitting the updated computerized invoice containing both the original hours claimed and the newly-claimed hours, explaining to the court each time Plaintiff seeks to supplement its fee petition which are the original hours claimed as compared to the additional hours sought. It further avoids the refiling of the full invoice each time a supplemental fee request is made to the Court. In any case, both formats present contemporaneous time slips.

As to Defendant's counsel's request for leave to file a Sur Reply, Plaintiff's counsel objects solely on the basis that all litigation must come to an end and the issues involved have been adequately addressed by both parties. As the Supreme

Court stated in Hensley, supra p. 437, "A request for attorneys fees should not result in a second major litigation."

Wherefore, it is respectfully requested that the court deny the Defendant's Motion to Strike Plaintff's Reply to Defendant's Opposition to Plaintiff's Application for Fees, and its Motion to Strike Plaintiff's Verified Motion to Supplement its Application for Attorney's Fees and Costs, and to deny Defendant's counsel's request to file a Surreply.

Respectfully submitted,

**FULLER, FULLER & ASSOCIATES, P.A.**
*Attorneys for Plaintiff*

By:   /s/John P. Fuller
John P. Fuller, Esq., *pro hac vice*
12000 Biscayne Boulevard, Suite 609
North Miami, FL 33181
jpf@fullerfuller.com
Tel.: (305) 891-5199
Fax: (305) 893-9505

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on January 16, 2008, electronically via the court's filing system, to :

Jennifer Martin Foster, Esq.
Greenberg Traurig, LLP
One International Place
Boston, MA 02110
617-310-6000

and via e-mail to:

Brian C. Blair, Esq.
Baker & Hostetler, LLP
200 South Orange Avenue #2300
Orlando, FL 32801
Bblair@bakerlaw.com

By: /s/ John P. Fuller
John P. Fuller, Esq., *pro hac vice*

JPF:jl

3586 Opp to D M-strike (jl 1-15-08).wpd