UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GEORGE IVERSON, individually,

   Plaintiff,

vs.                                          Case No. 1:04-cv-12079-NG JLA

BRAINTREE PROPERTY
ASSOCIATES LIMITED
PARTNERSHIP, a Massachusetts
limited partnership,

   Defendant.

**MOTION TO STRIKE PLAINTIFF'S REPLY AND PLAINTIFF'S VERIFIED MOTION TO SUPPLEMENT APPLICATION FOR ATTORNEY'S FEES, LITIGATION EXPENSES, AND COSTS AND MOTION FOR DEFENDANT TO BE PERMITTED A SURREPLY**

Defendant, BRAINTREE PROPERTY ASSOCIATES LIMITED PARTNERSHIP, ("Braintree") moves to strike Plaintiff's Reply and Plaintiff's Verified Motion to Supplement Application for Attorney's Fees, Litigation Expenses, and Costs and Motion for Defendant to be Permitted a Surreply, and states as follows:

   1.   On December 28, 2007, Plaintiff George Iverson filed under seal with the Court a five-page Verified Motion to Allow Plaintiff to Supplement Plaintiff's Verified Application for Attorneys [sic] Fees, Litigation Expenses and Cost [sic] and Memorandum of Law in Support Thereof, and a seventeen-page Reply to Defendant''s [sic] Opposition to Plaintiff's Verified Application for Attorneys [sic] Fees, Costs and Expert Fees.  (*See* Doc. Nos. 44 & 45) (collectively referred to as the "December 28 filings").

   2.   Although Defendant had previously assented to Plaintiff's request to file a Reply memorandum in the instant case, (*See* Doc. No. 42), Defendant did not assent to the filing of such a lengthy Reply brief or the submission of new evidence.  Replies by their very nature

should be limited to the arguments raised in the response and not for the purposes of presenting new evidence. Additionally, replies, if permitted, are generally limited to five or ten pages, at most.

3. Defendant's counsel was of the understanding that the Reply memoranda in this case would likewise be limited to five or ten pages at most, and that Plaintiff's Reply would be so limited. In any event, Local Rule 7.1(b)(4) of the United States District Court for the District of Massachusetts limits memoranda in support of a motion to twenty (20) total pages or fewer. In the instant case, Plaintiff has attempted to circumvent the page limit of the Court and the purpose of a Reply brief by filing memoranda in support of his fee petition exceeding twenty (20) pages without permission from the Court and by introducing new evidence not previously introduced in his Motion or Amended Motion for fees.

4. The Court should also note that Plaintiff's December 28 filings are about as long as Plaintiff's original motion, even though Plaintiff only sought an additional Reply to respond to the issues raised by Defendant in its Response in Opposition.

5. In addition, Plaintiff's Motion seeking to supplement his application for attorneys' fees should be stricken on the independent ground that it is both procedurally and substantively deficient. Plaintiff does not attach detailed and contemporaneous billing records to his Motion, but merely types his alleged fees and costs into the Motion. *See, e.g., Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (when an attorney fails to submit meticulous time records or fails to adequately document his time, a court is justified in reducing the reasonable number of hours); *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983) (attorney seeking to recover fees should submit meticulous, contemporaneous time records); *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346 (S.D. Fla., 2006) (court reduced fee due to billing entries

lacking the requisite quality to enable the court to assess the necessity and reasonableness of hours in Title III ADA case).

6. Furthermore, Plaintiff should not be permitted to delay the implementation of justice in the instant case by filing a supplemental motion seeking additional fees every time his counsel reads a filing by opposing counsel or the Court and responds, particularly where such communication takes place after Plaintiff has had his opportunity to seek attorneys' fees. Plaintiff had an opportunity to request anticipated fees in his earlier motion, and again in his earlier amendment to such motion, and failed to do so. In addition, such fees are neither reasonable nor recoverable. *See, e.g., Case v. Unified School Dist. No. 233*, 157 F.3d 1243, 1254 (10th Cir. 1998) (court refused to reimburse appellants for any "[t]ime spent conducting research and drafting motions pertaining to attorney fee recovery" in civil rights case); *Lewis v. Kendrick*, 944 F.2d 949, 958 (1st Cir. 1991) (when party submits unreasonable and outrageous section 1988 attorney's fee request the court may respond by awarding no fees).

7. Defendant respectfully submits to the Court that Plaintiff's December 28 filings are an attempt by Plaintiff's counsel to "sandbag" the Defendant and to generate the basis for an additional fee request. Furthermore, despite Defendant's professionalism in not opposing Plaintiff's Reply, Plaintiff proceeded to submit new arguments and evidence and then opposed Defendant's request to address same through its surreply. *See* discussion, *infra*. For these reasons, Defendant requests the Court enter an Order striking such filings and ordering Plaintiff to submit only one Reply memorandum limited to five or ten pages in length and addressing only issues previously raised in the case at bar. Furthermore, Plaintiff should be barred from filing a third amendment to his Motion for fees related to "reading" and "copying" the instant Motion by Defendant.

8.      Plaintiff also requests the right to file a surreply to Plaintiff's Reply to address the issues raised therein, due fifteen (15) days from the date Plaintiff files his new Reply memorandum.  Alternatively, in the event the Court denies the relief requested in this Motion, Defendant requests the right to file a surreply and response in opposition to the Motion to supplement, due fifteen (15) days from the Order denying such relief.

9.      Where new evidence is presented at the reply stage, the District Court should not consider the new evidence without giving the non-movant an opportunity to respond.  *Provenz v. Miller*, 103 F.3d 1478, 1483 (9th Cir. 1996); *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990).  Presented with evidence or arguments raised for the first time at the reply stage, a party can move to strike those arguments or be allowed to submit additional evidence and arguments in rebuttal.  *See, e.g, Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc.* 754 F.2d 404, 410 (1st Cir. 1985); *Iconix, Inc. v. Tokuda*, 457 F. Supp. 2d 969, 975-76 (N.D. Cal. 2006).  A non-moving party should have an opportunity to examine and reply to the moving party's papers before the court considers them in its decision process. This conclusion is especially required where, in a reply brief, the movant advances new reasons or evidence for judgment in its favor.  *See Cia. Petrolera Caribe*, 754 F.2d at 410.

**WHEREFORE**, Defendant respectfully requests that the Court:  (a) enter an Order striking Plaintiff's December 28 filings and limiting Plaintiff to one five (5) or ten (10) page Reply brief addressing only arguments and evidence previously raised in the case at bar; (b) permitting Defendant the right to file a surreply fifteen (15) days from the submission of such Reply brief; and (c) barring Plaintiff from further supplementing his request for attorneys' fees and costs for the reading of this Motion and subsequent Orders of the Court.  In the event the Court denies the relief requested in this Motion, Defendant requests fifteen (15) days from the

date of the Order denying the relief requested to file a surrreply and response in opposition to Plaintiff's December 28 filings.

Respectfully submitted this <u>7th</u> day of January, 2008,

                              **BRAINTREE PROPERTY ASSOCIATES, L.P.,**

                              By their attorneys,

                              /s/ Jennifer Martin Foster
                              Jennifer Martin Foster, Esq. (BBO#664796)
                              Greenberg Traurig, LLP
                              One International Place
                              Boston, MA  02110
                              (617) 310-6000

                              *Co-Counsel:*
                              Brian C. Blair, Esq.
                              Baker & Hostetler, LLP
                              SunTrust Center, Suite 2300
                              200 S. Orange Ave.
                              Orlando, FL 32801
                              *Admitted Pro Hac Vice*

## <u>LOCAL RULE 7.1(A)(2) CERTIFICATE</u>

In accordance with Local Rule 7.1(A)(2), Defendant's counsel has conferred with Plaintiff's counsel in an attempt to resolve the issues raised in the foregoing motion. Plaintiff's counsel has indicated that he opposes the relief sought in the foregoing motion.

                              /s/ Jennifer Martin Foster
                              Jennifer Martin Foster, Esq.

**CERTIFICATE OF SERVICE**

      I, Jennifer Martin Foster, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent, via First-Class Mail, to those indicated as non-registered participants, on this 7th day of January, 2008.

                                  /s/ Jennifer Martin Foster
                                  Jennifer Martin Foster